# Taliaferro *v.* Lee,

# and

# Hilliard *v.* Brown.

## *Contest of Election.*

1. *Trial of contest of election of office of Judge of Probate without a jury, not violative of Art. 1, section 12, of the constitution.*—Since at common law a party to a proceeding to try title to a public office had no right to have such issue tried by a jury, section 428, Code of Alabama, providing that a contest of an election for the office of Judge of Probate must be heard and decided by the Circuit Judge of the county where the election is held, is therefore not violative of the constitutional provision "that the right of trial by jury shall remain inviolate."

2. *Sec. 423 Code, not violative of Art. 1, § 14 of U. S. Constitution.*—Section 423, Code, providing that in all contests of election for certain offices named in said section, the person whose office is contested is entitled to a trial by jury, is a valid exercise of legislative power, · inoffensive alike to constitution of this State and the United States.

3. *Circuit Judge fixing day of hearing and indorsing same on statement directory merely.*—Section 418 Code, requiring the Judge of the Circuit Court to fix the day of hearing, and indorse the same on the statement of contest, is directory merely, the presentation of the statement to the Judge being the commencement of the suit, and conferring upon the court jurisdiction of its subject matter sufficiently pleaded in the statement.

4. *Appellate Court will not review rulings not shown by record.*—Where no ruling on the relevancy and admissibility of evidence is shown by the record, the appellate court will not review the question.

5. *Necessary jurisdictional allegations in statement of contest of election.*—The jurisdiction of the Circuit Judge in cases of contests of election is acquired by filing, with him, a written statement setting forth the grounds of contest, and unless such statement sets forth some one of the grounds enumerated in section 396 of the Code, the proceedings before the judge are void for want of jurisdiction.

APPEAL from Pike Circuit Court.
APPEAL from Conecuh Circuit Court.
Tried before Hon. JOHN P. HUBBARD.

Two petitions,—one by Charles T. Taliaferro, by writ of *certiorari*, to review proceedings between Taliaferro and Robert A. Lee, had in the Circuit Court of Conecuh county, to try title to the office of probate judge, to which Taliaferro was declared elected; the other, by W. J. Hilliard, to review proceedings had in another contested election in Pike coun-

[Taliaferro v. Lee; Hilliard v. Brown.]

ty, in which T. H. Brown contested his right to the office in litigation. Petition and writ dismissed in the case of Taliaferro against Lee. Proceedings quashed in the case of Hilliard against Brown.

FARNHAM & CRUM, STALLWORTH & BURNETT, BOWLES & RABB, and H. M. KING, for appellant Taliaferro.—Only qualified electors can contest elections.—Code, §§ 319, 326, 396. Elections must be held at a place, time and manner provided by law.—Code §§ 319, 326 330, 334 352, to 358 inclusive, 366, 371, 372, 373, 374, 381 to 385 inclusive, 387, 392. The filing of statement of contest, fixing day of hearing and indorsing same on statement not having been done as required, the motion to dismiss petition should have been granted.—Code §§ 396, 428, 416, 11 Am. State Repts. 857, and cases cited.

The statutes for contest of election unconstitutional and void.—Art. 4, of the Con. of U. S. and Secs. 7 and 12 Am. St. R. 870, and cases cited; *Missouri v. Lewis*, 101 U. S. p. 22; Notice of contest insufficient.—Code § 399; *Wall v. Griffin*, 149. Poll lists when properly made out and certified, are best evidence.—52 Ala. 299; If not these, the ballots and voters themselves.—11 Am. St. Rept. 787.—*Ib.* 801 and notes; 13 Ala. 305; 56 Ala. 131; and cases cited.

When an election is held at a place other than that designated by law, the vote should not be counted.—18 Am. St. Rept. 757; Brightley's Leading Cases, Elec. p. 251; A trial by jury should have been allowed.—*Moulton v. Reid*, 54 Ala. 320; *Wammack v. Holloway*, 2 Ala. 31; 48 Ala. 386; *Haines v. Levin*, 51 Pa. St. Rep. 412; Haines Appeal, 73 Pa. St. Rep. 169; Cooley Con. Lim. 5th ed. pp. 506, 507.

E. W. GODBEY, also for appellant Taliaferro, submitted written argument, contending that the denial of trial by jury rendered the law for contesting elections unconstitutional and void, and that the statutory grounds had not been alleged and proved.

R. L. HARMON, for appellant Hilliard.—In this proceeding, the court can pass on the constitutionality of the law, and every matter necessary to confer jurisdiction upon the Circuit Judge.—*Lamar v. Com. Court of Marshall County*, 21 Ala. 772; *McAllilley v. Horton*, 75 Ala. 491; *Jenk's case*, 63 Ala. 414; Throop on Public Offices, Secs. 801 & 802; *Brisbane v. Van Lear*, 14 Pitts N. J. 17; overruling *Carpenter's case* in 14 Penn. St., 486; *Town of Camden v. Bloch*, 65 Ala. 236. The law is unconstitutional and void, because it does

not provide a trial by jury, and the plea to the jurisdiction should have been sustained.— *Wammack v. Holloway*, 2 Ala. 31; *Thompson v. Circuit Judge of Mobile*, 9 Ala. 338; and citing many other authorities.    The law is obnoxious to the 14th amendment to the constitution of the United States.— *Page v. Allen*, 58 Penn. St. 338; *Missouri v. Lewis*, 101 U. S. 22; *People v. Huffman*, 24 Hun. (N. Y.) 142; *Gaskin v. Meek*, 42 N. Y. 186; *Green v. State*, 73 Ala. 26.    This contest is statutory, must be strictly construed, and the jurisdictional facts must appear in the petition.—*Chandler v. Hanna*, 73 Ala. 390; *Cook v. Meyer*, Ib. 583; *Anderson v. Lively*, 58 Md. 192; *Commonwealth ex vel v. Garrigens*, 70 Amer. Dec. 103. The right to contest any election under common law, *quo warranto* proceeding is not abolished, Sec. 3177 Code of 1886. *Reid v .Moulton*, 54 Ala. pages 326 to 328.

M. N. CARLISLE, and JOHN GAMBLE, SR., also for appellant Hilliard.—The writ of *certiorari* is applicable in this case. 3rd Brickell's Digest p. 106, sections 1 & 2, and authorities there cited; *Ex parte Tarlton*, 2 Ala. 35; *Ex parte Buckley*, 53 Ala. 49; *Clark v. Jack*, and citing many other authorities. This proceeding is purely statutory, and must be strictly pursued, and the jurisdictional facts must affirmatively appear from the proceedings themselves.—*Wyatt Adm'r, v. Rambo*, 29 Ala. 510; *Gunn v. Howell*, 27 Ala. 663; *Janney v. Buell*, 55 Ala. 408.

GARDNER & WILEY, and A. A. WILEY, for appellees.—Statute very clearly provides for a mode of contest of election. Secs. 396 and 7 Code; judgment therein provided is final; the Circuit Judge must hear and determine.—*Echols v. Dunbar*, 56 Ala. 136; *Thompson v. Holt*, 52 Ala. 491; *Reid v. Moulton*, 54 Ala. 325; *Ewing v. Tilly*, 43rd Penn. 384.    Cause of contest provided is cumulative to common law grounds.—McClary on Elections, Sec. 295 p. 262; *Cockran v. McKleroy*, 22 J wa, 75; 23rd Mich. 546; 9th page 507; 24 Barb. 265; 47 Penn. 103; 11 page 118; 17 Me. 310; 13 Ind. 548; 44 Penn. 332; 41 Penn. 396.

In construing what it takes to constitute fraud, a liberal interpretation is allowed.—McClary on Elec., § 392.

The legislature has a right to provide summary remedies. in case of public officials.—*Bebee v. Robinson*, 52 Ala. p. 66; *Thompson v. Holt*, 52 Ala. 491.

On *certiorari*, cannot review the merits.—*Chase v. Miller*, 41 Penn. State 443; *Ewing v. Thompson*, 43 Penn. State, 272;

*Givens v. Shepard,* 65 Penn. State, 20; *Ex parte Buckley* 53 Ala. 49; *Ewing v. Tilley,* 43 Penn. 384.

Authority to try cases of contested election involves a right to determine all questions.—*People v. Cook,* 14 Barb. 259; *People v. Robertson,* 37 Mich. 116; Where authority is conferred to hear and determine the contest, decision final. —*Moore v. Mayfield,* 47 Ill. 167; *People v. Smith,* 51 Ill. 177; *Lehman v. McBride,* 15 Oh. 573; *Powers .v Reid,* 9 Oh. 189; citing many other authorities.

If the canvassers properly reject votes, contest may be maintained whether statutory ground is complied with or not.—*Dean v. Hook,* 4 Colo. 151; *Whalong v. Bancrough,* 4 Minn. 109.

In all proper elections, the candidate who receives the greatest number of legal votes, legally cast, is entitled to the office.—*Echols v. Dunbar,* 56 Ala. 137; Last paragraph on page 127.

The authorities cited hereinabove are abundant to show that the section of the Code, which confers authority upon the Circuit Judge to hear and determine the controversy, without a jury, is constitutional.—*Echols v. Dunbar, supra*; *Thompson v. Holt; Reid v. Moulton; Shepard case,* 77 Pa. *supra,* and other cases cited above.

HEAD, J.—These cases present, in some respects, similar questions, and we will consider them in one opinion.

In the first case, Chas. T. Taliaferro and Robert A. Lee were opposing candidates for the office of judge of probate in Conecuh county, at the August election, 1892, and in the other, W. J. Hilliard and T. H. Brown were opposing candidates, for the same office, in Pike county. Taliaferro and Hilliard were, respectively, declared elected by the boards of supervisors of their respective counties, and certificates of election were issued to them. Lee and Brown each instituted in his county, before the judge of the circuit, a proceeding under the statute, Code 1886, Art. IV, Section 428, to contest the election of his adversary. Trials were had before the circuit judge, the Hon. Jno. P. Hubbard, wherein it was determined that the contestants, Lee and Brown had been, respectively, elected and entitled to be inducted into their respective offices, and it was so adjudged. By the writ of *certiorari,* each of the contestees brings his case before this court for review of the proceedings before the circuit judge.

Independently of the remedy for the trial of the right to a public office, by information in the nature of a writ of *quo*

*warranto,* and to the exclusion of that remedy, in cases fall-
ing within the purview of the statute, Chap. 4. Title 6, Part
1 of the Code of 1886 provides for contests of the election
of persons declared elected to any office, whether State,
county, representatives in congress, or to any office which
may be filled by a vote of the people, before special tribu-
nals therein created for the purpose, and upon the grounds,
and according to methods of procedure therein prescribed.
The special causes or grounds for or upon which this spec-
ial jurisdiction may be invoked by any person desiring to
contest the declared election of another to such an office,
are defined by this statute to be: 1. Malconduct, fraud or
corruption on the part of any inspector, clerk, returning
officer, or board of supervisors. 2. When the person,
whose election to such office is contested, was not eligible
thereto at the time of such election. 3. On account of ille-
gal votes. 4. Offers to bribe, or bribery, or any other mis-
conduct calculated to prevent a fair, free and full exercise of
the elective franchise; but no person shall contest the elec-
tion of any person on account of race, color or previous con-
dition of servitude,—Code, section 396. The procedure
prescribed provides that the contestant must make a state-
ment in writing setting forth specifically: 1. The name of
the party contesting and that he was a qualified voter when
the election was held. 2. The office which such election
was held to fill, and the time of holding the same; and 3.
The particular ground or grounds of such contest; which
statement must be verified by the oath of the contesting
party, or some one for such party, to the effect that he be-
lieves the same to be true.—Code, Sec. 397. Other and am-
ple provisions are made in respect to the tribunals for try-
ing the contests, notice, the production of evidence and the
trial &c. Jury trials are secured to the contestees in cer-
tain cases.

Section 428 reads as follows: "To contest any election
for the office of judge of probate, the party contesting must
file his grounds of contest in the office of the clerk of the
circuit court, and give security for the costs to be approved
by the clerk of the circuit court of the county in which the
election was held; the contestant must make the statement
of the grounds of such contest and give notice to the person
whose election is contested, in the mode prescribed in sec-
tions 397 (303) and 409 (316). Such contest must be heard
and decided by the judge of the circuit court of the county
where the election was held; and the rules of procedure
prescribed by the preceding article, so far as applicable,

[Taliaferro v. Lee; Hilliard v. Brown.]

shall govern in such contests." The preceding article, referred to, prescribes the procedure for contesting elections, before judges of probate, to offices filled by the vote of a single county, except members of the General Assembly and judges of probate and justices and constables. These are in general the main features of the statute under which these proceedings were had.

This statute is assailed by the contestees as violative of that provision of the Constitution of Alabama which guarantees the right of trial by jury; and of section 1 Article XIV of the Constitution of the United States which provides that no State shall deny to any person within its jurisdiction the equal protection of the laws. The proposition is that the statute is unconstitutional, in the respects stated, because the contestant is not by the statute, secured the right to demand a trial by jury, and because the right is secured to the contestee in all cases where the election is by the vote of a single county except members of the General Assembly, thereby, as contended, unlawfully discriminating against contestants in all cases and against contestees who are elected by the vote of districts, or other larger area than a single county. By the principles of the common law, no person has such private, inherent right in or to a public office to which he has, or claims to have been elected, as entitles him, in a contest with an adversary claimant, to a trial of such right by jury. Indeed, in the early history of the common law, even after the invention of the original writ of *quo warranto*, no remedy of any character existed for the trial of the right to, or recovery of an office by an individual. A public office was not deemed by the common law to be such private property of the person appointed to exercise its functions, as that the courts, organized for the enforcement of private rights, were open to him to recover it from the usurpation of another. The writ of *quo warranto* was the remedy of the sovereign against one who usurped or claimed any office or franchise, to inquire by what authority he supported his claim. The judgment was of *ouster* and forfeiture of the office or franchise to the sovereign if the respondent failed to show lawful right to exercise or enjoy the same. No individual could obtain the writ and the right of no person than the incumbent proceeded against to exercise the office could be inquired into or adjudicated. Later, by legislation in England, the writ partook of a criminal nature, and was used to fine and punish the usurper, as well as oust him; and it thereby became known and designated as an *information* in the

7–97.

nature of the writ of *quo warranto*. The province of this remedy by information in the nature of the writ of *quo warranto* was enlarged by the statute of 9 Anne, C. 20, 1711, which gave to private individuals the power of proceeding thereunder against any one who had unlawfully usurped or intruded into any office or franchise, and under that statute it grew in practice to be regarded as a civil remedy for the trial of the private rights of individuals to offices and franchises.

But at no period in the history of the information in England, so far as we are aware, was the relator or respondent ever regarded as entitled to trial by jury, until that right was expressly conferred by act of parliament, 3 Geo. Ch. 2, 25. As was said by the Supreme Court of Ark., in *State v. Johnson*, 26 Ark. at page 292, that "Statute was passed for the special purpose and to the end that his majesty's courts, at Westminster, might be provided with juries to try questions of fact. If this right existed before this time, it was certainly a work of supererogation on the part of parliament to enact the law, and the inference to be drawn from this fact is, that prior to the date of the statute, the issues of fact were tried by the court, even in cases of informations in the nature of *quo warranto*, which at best is but little more than a summary proceeding to ascertain the right to an office." The remedy, as it existed under the statutes of England at the settlement of this country, came to us and became a part of our common law, and indeed, as a civil remedy, under the operation of the statute of Anne, it was recognized and enforced in this State prior to adoption by our own legislature. In the Constitution of Alabama of 1819, the Supreme Court was given power to issue the writ, and that power was preserved in each of the subsequent constitutions, and is now embraced in section 2 Article VI of the constitution of 1875. Since the adoption of the Code of 1852 to the present time, the Supreme Court has, also, by statute, been invested with *original* jurisdiction in the issue and determination of writs of *quo warranto* (or what is meant, the information in the nature of the writ of *quo warranto*) in relation to matters in which no other court has jurisdiction.—Code, 1852 § 578 subdiv. 2; Rev. Code § 660, subdiv. 2; Code, 1876, § 571 subdiv. 2, and Code of 1886, § 675 subdiv. 2. In all these provisions, both of the several constitutions and statutes, this writ has been classed with the extraordinary remedies of *mandamus, injunction, habeas corpus* and *certiorari* which have always been determinable by the court, both upon issues of law and fact, without the

[Taliaferro v. Lee; Hilliard v. Brown.]

intervention of a jury. To hold that a trial by jury is the constitutional right of the relator and respondent in *quo warranto* would be to nullify the provision of the constitition conferring original jurisdiction in certain cases, upon the Supreme Court to issue and try the writ, since that court is without power or authority to empannel a jury for the trial of any cause before it. This fact was known to the makers of the constitution, and is conclusive to show that they considered the trial of title to an office by *quo warranto*, as in the nature of an extraordinary remedy, triable by the court as other extraordinary remedies, and in respect to which the right to a jury trial was not supposed or intended to be secured by the constitution.

Early in the legislation of this State, the essential features of this information, as it existed and was enforced under the statute of Anne, and as we had theretofore administered it as a part of our common law, was incorporated into our statute law, and is now embodied in Chap. 14, Title 2, Part 3 of the Code of 1886. The statute is substantially the same as that which first appeared, in codified form, in the Code of 1852, and was subsequently introduced in the Codes of 1867 and 1876. This statute plainly recognizes the proceeding as one triable by the court; and though isolated cases may have arisen on which judges, in this State, have called juries to try disputed questions of fact in proceedings under this statute, as in *Echols v. Dunbar*, 56 Ala. 131, we are persuaded it has been the common understanding of the bench and bar, and their common practice, to treat the remedy as an extraordinary proceeding, triable by the court without a jury. We hold, therefore, that in proceedings to try the right to a public office there was no common law right of the suitor to a trial by jury, and hence, such suitor is not within the protection guaranteed by that clause of the bill of rights which provides that the right of trial by jury shall remain inviolate. We are well satisfied of the correctness of this view that we are unwilling to be led to a contrary conclusion by the *dictum* found in *Burnett v. State*, 2 Ala. 140.

Hence, it is that in the enactment of statutes providing new and additional remedies for suitors of this class, like the laws for the contests of elections before special tribunals, now under our consideration, the conferring of jury trials is purely of legislative grace, and may be conferred according to legislative discretion, if the enactment does not assume the character of what is denominated class-legislation.

There is no element of class legislation in the present stat-

ute. The provision is: "In all contests of elections for the office of justice of the peace or constable, or for any office which is filled by the vote of a single county, except for members of the General Assembly, the person whose election is contested is entitled to a trial by jury." The provision comprehends, without discrimination, all persons falling within the class designated. It acts equally and uniformly upon all persons whose election to office, filled in the designated way, except members of the General Assembly (which exception comprehends a class upon which it operates uniformly) is contested. As we have indicated it was competent for the legislature to withhold the right entirely, or extend it to one class of officials to the exclusion of other classes, or to one class of parties to the exclusion of another class. So long as there is no unjust discrimination against a person or persons in favor of another or other persons of the same class of general designation, there is no class-legislation. There are equality and uniformity. The equal protection of the law is secured.— *Youngblood v. Birmingham Trust & Sav. Co.*, 95 Ala. 521. The statute in question is a valid exercise of legislative power inoffensive alike to the constitution of the State and the United States.

The statute, as applicable to the present cases, provides that the statement required to be made by the party contesting must be presented to the judge of the Circuit Court, within fifteen days after the person whose election is contested is declared duly elected, and such judge must appoint a day not less than fifteen nor more than twenty days from the time of such presentation for the trial thereof and indorse the same on such statement.—Code § 416. A copy of such statement, with the day of trial endorsed thereon, must be served on the person whose election is contested, or left at his usual place of residence, at least ten days before the day appointed for trial.—Code § 418. In the case of Taliaferro against Lee, it appears the judge omitted to make the prescribed indorsement, when the statement was presented to him, but on the 7th day of September, 1892, made upon a paper attached to the statement an order setting down the cause for trial on the 26th day of September, 1892, at the court house of Conecuh county. The sheriff's return shows that a copy of the statement was served on the contestee on the 8th day of September, 1892. It appears from the final judgment entry that the cause was regularly continued until the 14th day of October, 1892, on which day the trial occurred. The judgment entry contains this recital: "And now on this the 14th day of October, 1892, the day to which

this cause was regularly continued, come the parties, in person and by their attorneys, and this cause is submitted for decision. The contestee, C. T. Taliaferro, moves to dismiss and to quash the petition. It is considered, ordered and adjudged that the motions be overruled and denied." We find in the record, a motion, filed on the day of trial, Oct. 14th, by the contestee, to dismiss and quash the petition or statement on the ground that the day of hearing of the same had not been fixed within twenty days after the presentation and filing thereof according to the statute, nor the endorsement of the day of trial made thereon as by law required. Also, another motion filed the same day, to dismiss the cause, because the contestant did not give the contestee notice of the proceeding by having served on him or left at his usual place of residence a copy of the grounds of contestation and affidavit required by section 397 Code. It is not controverted that the statement or petition was presented to the circuit judge by the contestant within fifteen days after the declaration of contestee's election, as required by the statute. It is manifest that the requirement of the statute, that the judge shall fix the day of hearing and endorse the same on the statement when presented to him, is directory merely, and not essential to the valid institution of the suit, as a pending proceeding in court, conferring upon the court jurisdiction of the subject-matter sufficiently pleaded in the statement. The presentation of the statement to the judge is the commencement of the suit. When that is done the case is properly in court. The requirements of the statute, the omission of which is complained of, are but proceedings to bring the other party into court and secure the due and orderly trial of the issues to be formed. If the notice given the opposite party is insufficient in law to bring him into court, either by reason of its failure to state the time of trial or other lawful reason, he may refrain from appearance altogether, and in such case, any action taken against him in the cause would be void for want of jurisdiction of the person. But he may waive these defects by voluntary appearance on the day irregularly fixed for trial and entering into the trial of the merits of the cause. That was done in the present case. If contestee desired to appear specially to raise the question of the sufficiency of the notice, he should have done so by a motion to vacate the service, stating his special appearance for that purpose. It matters not how insufficient the service, or how flagrantly the officers failed to perform the ministerial duties directed by the statute, designed to bring the party proceeded against into court

and provide for the trial of the cause, they furnish no ground for dismissing the cause out of court, at least so long as the derelictions of duty are not attributable to the fault of the party who institutes the proceedings. It would be intolerable that a party should do all that the law enjoins to place his case properly in court, and then be dismissed therefrom because the officers failed to perform the ministerial duties they are directed by law to perform. It would require the plain mandate of the statute to work such a result. The motions to dismiss were properly overruled.

It is insisted that the proceedings in Taliaferro against Lee should be quashed for the want of proof that Lee was a resident citizen and qualified voter of Conecuh county. That does not appear to have been made a real issue on the trial. It is true the answer of Taliaferro to the statement begins with a general denial of all the allegations of the statement, but it proceeds thereafter to answer specially the charges upon which the proposed contest is based, and we find no special denial of the residence and qualification of contestant as a voter, as alleged in the statement. No question of the kind was raised on the trial. There is the testimony of at least two witnesses tending to show Lee's presence in the county, and his participation in public meetings therein, prior to the election, and it appears that he was voted for for the office of probate judge by not far from one half or more than one half the voters of the county, voting at the election. These are circumstances tending in some degree, to prove the allegation in question. Their sufficiency was for the trial judge.

There is no other question presented by the record for review, in the case of Taliaferro against Lee. There appears a large volume of testimony adduced on the trial, and we are asked by counsel to pass upon the relevancy and admissibility of much of it, but upon examination we find that no ruling of the trial judge upon any question of evidence is shown by the record. We find in the transcript a motion to exclude certain testimony therein designated, but if any ruling upon the motion was invoked or had, the record does not disclose it. Our revisory power on *certiorari* extends only to questions of jurisdiction and the regularity of the proceedings.—*McAllilley v. Horton*, 75 Ala. 491. If there was any evidence, however slight, tending to support the findings of the trial court on the facts, we have no authority to revise such finding. There was such evidence, and there being no ruling of the court raised by the record touching the relevancy and admissibility of the evidence, we can not

disturb the judgment. It is not denied, in this case, that the statement filed by Lee substantially conformed to the statute; that it set forth jurisdictional facts calling into lawful exercise the power of the circuit judge to hear and to determine this cause; and there being shown no error or available irregularity in the subsequent proceedings, it results that in the case of Taliaferro against Lee, the petition and writ of *certiorari* must be dismissed.

In the case of Hilliard against Brown a more serious question confronts us. Was the petition or statement filed by Brown sufficient, in its averments, to confer jurisdiction of the subject-matter upon the circuit judge? We have stated the essential provisions of the statute. It cannot, we think, be doubted that the grounds of contest which section 428, above copied, requires the contestant to set forth in the statement he is required to make, are those grounds or causes, or one or more of them, specified in section 396. That section, as we have seen, expressly prescribed the four causes there set down as the grounds of contest in all cases of contest of election of persons declared elected to any office, whether State, county, representative in congress or any office which may be filled by a vote of the people. The several provisions of the chapter, comprising articles 1 to 6 inclusive, are *in pari materia*, constituting one general system or body of laws for contestation of elections to public offices, and must be construed together, and effect given to each and every provision. Placing sections 396, 397 and 428 together, and construing, as we must, each with reference to, and as a part of, the others, the legislative intent that the statement required to be made by section 428, must set forth one or more of the causes prescribed by section 396, could not be made more plainly to appear. We have then the mandate of the statute that the four mentioned causes shall, one or more of them, be the grounds upon which a person desiring to contest the declared election of another may invoke the remedy prescribed; that a written statement of the contestant's complaint must be made to the tribunal created to hear and determine it, and that that statement must set forth the particular ground or grounds relied on. It is a principle of law too long and well settled to be now the subject of contention, that the record or *quasi* record of a court or tribunal of special, limited jurisdiction, created by statute, whose proceedings are required to be written, must affirmatively disclose every fact upon which, by the statute, the jurisdiction of the court or tribunal is made to depend, in order to sustain the jurisdiction and uphold the validity of the judg-

ment rendered. It would be a useless consumption of our time to collate the authorities in support of this proposition. They are numbered by scores in our own adjudications, and the principle, it is believed, is recognized every where. The present proceeding was before the circuit judge created by statute into a new and special tribunal, with the limited power conferred upon it to enforce a new right conferred by the same statute. The grounds upon which this tribunal may exercise the power and jurisdiction for which it was created are expressly prescribed, and expressly required, one or more of them, to be set forth, in writing, in the statement required to be filed as the institution of the suit or proceeding. They are therefore jurisdictional. Without them the tribunal does not legally exist. They must affirmatively appear by the record or else the proceeding is *coram non judice* and void.

Does the statement of contestant, Brown, contain an averment of either of these necessary jurisdictional facts? A mere inspection of the paper would constrain us to hold it does not. It is conceded by counsel that the second, third and fourth grounds prescribed by section 396 are not set forth or relied on. The first ground, as we have seen, is thus stated in the statute: "Malconduct, fraud or corruption on the part of any inspector, clerk, returning officer or board of supervisors." It would seem unnecessary to discuss the meaning of the words, "malconduct, fraud or corruption" as they are here used. They are of such obvious signification as to preclude discussion. Corruption, the strongest term used, carries its own force and meaning. Fraud, a term less strong, means, in the connection in which it is used, actual fraud, evil motive, wickedness. Malconduct, a term still less strong, means essentially the same thing. Webster defines the prefix *"mal"* as ill or evil, derived from latin *malus*, meaning *bad, ill;* from which also we derive *malice, malicious.* It is manifest, therefore, that the conduct of the inspector, clerk, returning officer or board of supervisors made by the statute a ground of contesting an election must have proceeded from evil motive, wickedness of purpose on the part of the designated officers of election and not from mere omissions of official duty—mere negligence on their part. The statement, in the present case, given the most latitudinous construction, does not approximate a charge of malconduct, fraud or corruption on the part of either of the officers mentioned in the statute. We will not repeat the averments here. It is enough to say that none of them charges more than simple negligence—mere failure to exercise that effi-

ciency, care and caution which should have been exercised to the end that the votes, as cast at the election, be duly counted; certified and returned, and the true result declared. The conduct complained of, though negligent, is entirely consistent with perfect honesty and good faith. The statute, as we have shown, does not authorize a contest in such case, and the proceedings before the circuit judge were void for the want of jurisdiction, and the same must be quashed. An order will be here entered accordingly.

A majority of the court are of opinion that section 432 of Code confers a right of appeal in cases like the present, and that *certiorari* is not the proper remedy. The question, however, was not raised in these cases. Returns were made to the writs of *certiorari*, and the parties went to trial upon their merits without objection to the methods by which the cases were brought before us. We therefore considered them on their merits.