# *Ex Parte* Shepherd.

*Mandamus.*

(Decided May 18, 1911.  55 South. 627.)

1. *Election; Contest; Pleading; Fraud.*—To confer jurisdiction to hear an election contest under the provisions of subdivision 1, section 455, Code 1907, the petition must allege facts sufficient to show intentional wrong doing as distinguished from mere negligence, or failure to efficiently perform an official duty.

2. *Same; Alteration of Return; Petition.*—Where the election contest petition alleges that petitioner had been in fact elected to the office of probate judge according to the vote as returned, but that after the returns were delivered to the several returning officers, certain four precincts were illegally changd and altered by persons unknown to the contestant, whereby it was made to appear that contestee had received a majority of the votes of such office, and that thereafter the board of supervisors received and adopted the altered return, and certified that contestee was elected, instead of adopting the correct return from said several precincts, which would have shown that contestee was elected, such petition sufficiently alleged mal-conduct, fraud or corruption on the part of a returning officer, board of supervisors or other persons, under the provisions of section 445, Code 1907, it being presumed that the person by whom the returns were changed or altered acted with an evil purpose, to wit, with intent to violate the law.  (Sections 415 and 6816, Code 1907.)

3. *Same; Security; Filing; Time.*—While the bonds for security for costs in an election contest is jurisdictional, and must be filed with the petition, the petition will be regarded as not having been filed until the bond is filed with the clerk, and if so regarded, its validity would not be affected by a prior attempt to file the peti-

tion, and the withdrawal of the bond for further signature. (Section 462, Code 1907.)

4. *Same; Bond; Costs.*—A bond for costs in an election contest does not become effective until delivered to and approved by the clerk of the court, in which the contest is pending, and additional supplementary signatures after the bond had been delivered to the deputy clerk, and withdrawn before he had approved or filed the same did not invalidate it.

Original petition in the Supreme Court.

Mandamus by J. W. Shepherd directed to the judge of the Fourteenth judicial circuit, requiring him to dismiss a petition filed in an election contest. Writ denied.

BANKHEAD & BANKHEAD, and E. B. LACY, for appellant. The petition does not comply as to statement of ground with section 415, Code 1907, and hence, was insufficient, and should be stricken. It should have alleged the unlawful alteration or change by the officer and the unlawful action by the board of supervisors in adopting the altered returns.—*Hilliard v. Brown,* 97 Ala. 92; *Tatum v. The State,* 66 Ala. 467; *State v. Hayworth,* 35 Tenn. 64; *Thompson v. Doty,* 72 Ind. 336. Any material departure from the statutory mode is unauthorized.—*Black v. Pate,* 130 Ala. 536. The effort to amend after the expiration of the time for filing the contest, could not give it validity.—*Pearson v. Alverson,* 160 Ala. 267; *Black v. Pate, supra.* A statutory bond for such contest is jurisdictional.—*Sigsbee v. City of Birmingham,* 157 Ala. 421. By withdrawing the bond after its filing, the petition was thereby withdrawn as no petition can be filed without bond.—Sec. 462, Code 1907; *Wilson v. Duncan,* 114 Ala. 669; *Pearson v. Alverson, supra.* Mandamus is the proper remedy.—*Wilson v. Duncan, supra.* The bond was materially altered, and the original sureties discharged.—*Brown v. Johnson,* 127 Ala. 292.

W. C. DAVIS, R. A. COONER, and O. D. STREET, for appellee. In no character of a proceedings is it necessary that a jurisdictional averment should be proof against assault by demurrer in order to confer jurisdiction.— *Doe ex dem. Harding,* 52 Ala. 295; *Bibb v. Orphans Home,* 61 Ala. 326; Van Fleet on Collateral Attack, 61, 66 and 256. Contest election statutes should be liberally construed.—15 Cyc. 412; McCrary on Elections, sec. 431. A defectively stated ground of contest may be amended.—44 Cal. 229; 15 Cyc. 412; Payne on Election, sec. 840; McCrary on Election, sec. 431, 440 and 441. No error was committed relative to the filing.— *Ex parte Morgan,* 30 Ala. 51; *Perry v. Brecket,* 35 Ala. 141. It is a penal offense to alter or change returns, sec. 6816, Code 1907. It is insisted by counsel that the ground of contest was sufficiently stated, that the circuit court had acquired jurisdiction, and that mandamus should not be awarded.

SAYRE, J.—This is an original petition in this court for a writ of mandamus to the judge of the Fourteenth circuit. Petitioner shows that at the general election held November 8, 1910, he was duly elected judge of the probate court of Walker county; that Charles M. Sartain, an opposing candidate at that election, had filed what purported to be a contest in the circuit court; that petitioner had moved the court to dismiss the contest because it was insufficient to invoke the jurisdiction of the court; and that his motion had been overruled. Petitioner prays an alternative writ of mandamus or rule nisi commanding the circuit judge to show cause why the contest should not be dismissed. The circuit judge waives alternative writ or rule nisi, and defends.

The contest filed in the circuit court avers "that the returns of said election for said office as

made out and certified to by the inspectors in the several precincts in said county, and by them delivered to the returning officers for the several precincts, showed the election of the said Charles M. Sartain to said office by nineteen (19) votes majority, but that, after the said returns were delivered to the several returning officers, those for four (4) precincts were unlawfully and illegally changed and altered by some person or persons unknown to the contestant, whereby it was made to appear that the said James W. Shepherd had received a majority of twenty-six (26) votes for said office." The statement of grounds of contest set forth the details of the changes alleged to have been made in each of the four precincts. It then averred "that the said Charles M. Sartain was in fact elected at said election to said office; that the legal votes ascertained to have been given to him by the inspectors of said election in the several precincts at said election exceeded the legal votes given to the said James W. Shepherd for said office; that on the Friday next after the said election, at the time and place fixed by law, the board of supervisors, namely, J. O. Long, R. A. O'Rear, and Hewitt Myers, did make a statement of votes from the several precincts of the county of the whole number of votes given for the said Charles M. Sartain for said office, but that in making said statement they received and adopted the changed and altered returns as above set out, instead of adopting the true and correct returns from the several precincts, and thereby made it appear that the said James W. Shepherd, and not the contestant, the said Charles M. Sartain, was elected to said office."

One ground of the motion to dismiss the contest was that the statement did not allege a statutory ground of contest. The effort was to state a ground of contest

under the first subdivision of section 455 of the Code of 1907, which provides that the election of any person declared elected to any office which is filled by the vote of a single county may be contested for the following causes: "(1) Malconduct, fraud, or corruption on the part of any inspector, clerk, marker, returning officer, board of supervisors, or other person."

In 1892 this subdivision of the section from which we have quoted was as it is now except that the concluding words "or other person" had not been added. These words appeared for the first time in the statute as codified in 1896. In *Hilliard v. Brown*, 97 Ala. 92, 13 South. 125, a case which arose under the law as it was in 1892, this statute in its then shape was under consideration. The averments of the statement of contest filed in that case are not shown in the report of that case, but we quote the gist of it from the transcript of the record as follows: "Your petitioner further showeth that the boxes in which said returns were made contained locks thereto, which were fastened and unfastened by a key, but the said sheriff, who was returning officer of the county, failed to remove the keys from said boxes and there was nothing to prevent any individual from unlocking said boxes, who had access to them, or who might obtain access to them; and petitioner charges that the said sheriff as returning officer did not use reasonable care in keeping the boxes containing the returns of said precinct inspectors, but kept the same in such negligent manner that evil disposed persons could obtain access thereto, and did so, and did extract from said boxes the said inspectors' certificates, so that the said board of supervisors could not count all the votes received by your petitioner," etc. After pointing out that the common law, in advance of the invention of the writ of quo warranto and apart from such

14—172.

use as might be made of that writ, a public office was not deemed to be such private property of the person appointed to exercise its functions, as that the courts organized for the enforcement of private rights were open to him to recover it from the usurpation of another, that the circuit court is a tribunal of special and limited jurisdiction in the matter of elections contested, and that the grounds upon which that court may exercise its jurisdiction in such cases are expressly prescribed, and a statement of them jurisdictional, the court said: "The conduct of the inspector, clerk, returning officer, or board of supervisors, made by the statute a ground of contesting an election must have proceeded from evil motive, wickedness of purpose on the part of the designated officers of election, and not from mere omissions of official duty—mere negligence on their part. The statement in the present case, given the most latitudinous construction, does not approximate a charge of malconduct, fraud, or corruption on the part of either of the officers mentioned in the statute. We will not repeat the averments here. It is enough to say that none of them charges more than simple negligence—mere failure to exercise that efficiency, care, and caution which should have been exercised to the end that the votes, cast at the election, be duly counted, certified, and returned, and the true result declared. The conduct complained of, though negligent, is entirely consistent with perfect honesty and good faith. The statute, as we have shown, does not authorize a contest in such case, and the proceedings before the circuit judge were void for want of jurisdiction."

In later cases it has been held that, contests of elections being unauthorized except by statute, any material departure from the statutory mode of instituting and conducting such contests is unauthorized.—*Black*

*v. Pate,* 130 Ala. 514, 30 South. 434; *Pearson v. Alverson,* 160 Ala. 265, 49. South. 756. There is, however, no reason for placing contests of elections in a class different from other special statutory proceedings in which the record must affirmatively show facts conferring jurisdiction. The facts averred may be sufficient to invoke the exercise of jurisdiction, though they be averred defectively. This rule has had frequent illustration in cases in which the validity of sales of land under the authority of the probate court have been drawn into question. McCreary on Elections says: "It may be stated as a general rule, recognized by all courts of this country, that statutes providing for contesting elections are to be liberally construed, to the end that the will of the people in the choice of public officers may not be defeated by any merely formal or technical objections."
—Section 431. The language of Paine on Elections is: "The inquiry involved in a contested election case is one which deeply concerns the public. The question is broader than the mere claim of an individual to the office in controversy. It is whether the popular will has been or is about to be defeated, or thwarted, by mistake or fraud. If, therefore, the statement of the grounds of contest lack the clearness and distinctness of allegation always desirable in judicial proceedings, it is not on that account to be peremptorily dismissed. An opportunity to amend should be afforded, to the end that the points in controversy may be developed, or the merits of the case determined."—Section 840. The rule here stated is a reasonable one, nor is it out of line with our own decisions in which it has been held that the statement of contest must show the court's jurisdiction to try the contest, and that amendments seeking to introduce new grounds of contest cannot be allowed after the expiration of the period prescribed by statute for the

institution of contests.—*Black v. Pate,* and *Pearson v. Alverson, supra.*

Petitioner's insistence is that the statement of contest filed was insufficient to invoke the jurisdiction of the circuit court, in that it fails to aver that the changes made in the returns of election, alleged to have been made by some person or persons to the contestant unknown, were made with evil motive or wickedness of purpose, an essential element of malconduct as defined in *Hilliard v. Brown, supra.* The statute having fixed no form in which a contest of election shall be stated, we will not be expected, of course, to hold that a charge of malconduct must be preferred in any fixed form of words, for that would be to deny the possible legal equivalence of different forms of expression and to foreclose the propriety in such cases of any amendment whatever at any time whatever. The allegation of the contest is that the changes alleged to have been made in the returns were unlawfully made and changed the declared result of the election returns. It is a necessary rule of law, as it is of all human conduct, that men shall be presumed to have intended the natural and inevitable consequences of their voluntary acts. Society could not exist on any other hypothesis. It must be inferred therefore, that the alleged changes proceeded from a purpose to violate the law and to change the lawful evidence of the result of the election. Such a purpose was an evil purpose. But petitioner would neutralize the force of the allegation that the changes in the returns were unlawfully made by supposing that they were made by the inspectors themselves and for the purpose of making the returns speak the truth in respect to the result of the votes cast, an hypothesis which we may indulge, it is said, because it is not denied in the contest. That course on the part of the inspectors, it is

urged, would be unlawful, but it could not be evil be-
cause it would give effect to the will of the majority.
If we assume the unlawfulness of such a course on the
part of the inspectors, as the argument does, we must
also assume its evil purpose. A purpose to violate the
law constitutes the malconduct of the statute. Any
other conclusion would sanction the theory that individ-
uals may put themselves above the law, that good ends
may be effectuated by unlawful means, would subvert
all law. It may be further said in this connection that
the statutes give strong color to the conclusion that it
was not necessary, for the purpose of conferring juris-
diction, to make the specific allegation that the acts
charged were unlawful, even though they may have been
done by the inspectors of election. The returns had
been delivered to the returning officers. The law pro-
vides that, as soon as the ballots are all counted, the in-
spectors must ascertain the number of votes received
for each person and for what office, must make a state-
ment of the same in writing, which must be signed by
them, and such statement, thus certified, must be sealed
up in a box to be furnished by the sheriff of the county,
and immediately delivered to the returning officer of the
precinct.—Code 1907, § 415. Section 6816 makes it a
felony for any inspector to make or sign a false copy
of the certificate of the result, or for any returning offi-
cer to fail to deliver the certificate as delivered to him
to the probate judge. In view of these provisions of the
statute, it may be seriously doubted whether an inspec-
tor of election has any better right than any other in-
dividual to change the certificate for any purpose after
it has been delivered to the returning officer, thus pass-
ing beyond the field of his official duty, or whether an
inspector, who changes a certificate for the purpose as-
sumed in the argument, does not lay himself liable to
the penalty of the law.

· The statement of the grounds of contest alleged, if not categorically, then inferentially, every fact (some of them have not been repeated for the reason that no question is made as to them) necessary to give the court jurisdiction to try the contest. The facts alleged were sufficient to challenge the attention of the court, to set the judicial mind in motion, to answer affirmatively the question whether it can be gathered from the allegations, either directly or inferentially, that the party is entitled to the relief sought. "All the cases agree that, if the allegations tend to show or colorably or inferentially show each material fact necessary to constitute a cause of action, they will uphold the judgment collaterally."—Van Fleet's Coll. Attack, § 61. We must hold, therefore, that, however irregular or defective in allegation the statement of contest may be, it is sufficient to confer jurisdiction upon the court in which it was filed. We find no reason in *Hilliard v. Brown* for holding otherwise. The ruling there amounted to just this: The averment of mere omissions of official duty, of mere negligence on the part of officers, without more, is not the equivalent of an averment of malconduct under the statute as it then was. In the case at hand the averment is of an intentional, affirmative violation of law by the doing of that which the law prohibits.

It is further contended that the contest ought to have been peremptorily dismissed because no security for costs was given as required by the statute. Section 462 of the Code of 1907 is in this language: "All contests of elections provided for in this article must be commenced within twenty days after the result of the election is declared, except as in this article otherwise provided; and at the time of commencing such contest and of the filing the statement in writing, the party contesting must give security for the costs of such contest, to

be filed and approved as in this article provided." The election in question was held on November 8, 1910. Presumably the returns were canvassed and the result declared on November 11th—certainly not earlier.—Code 1907, § 420. The contest was first filed November 29th. At the same time contestant handed to the deputy clerk of the circuit court a bond for costs bearing the signature of 76 citizens of Walker county. At the time of the filing of the contest the clerk was absent from his office, but his duly authorized deputy in charge of the office received the contest and the security for costs, and was requested by the contestant to mark them both filed. The deputy marked the contest filed, but expressed his preference that the clerk should pass upon the sufficiency of the security for costs. Thereupon contestant took the bond for costs away and procured five additional signatures thereto. On November 30, 1910, the bond with the additional signatures was returned to the clerk, who thereupon approved and filed the same. On the hearing of the motion to dismiss the contest the clerk testified that the security for costs as originally tendered was sufficient, and would have been approved by him had he been present.

The giving of security according to the statute is a jurisdictional requirement.—*Pearson v. Alverson, supra.* Petitioner insists that the statute was not complied with because the contestant did not give security for costs contemporaneously with the filing of his statement in writing and commencing his contest. And such would seem to be the meaning of the statute strictly construed. But the statute prescribes what the contestant must do. It does not contemplate that the course of the contestant in undertaking to comply shall be shaped, or its effect determined, by the mere clerical act of marking the contest and the security for costs filed. The

contestant tendered to the clerk his statement of contest for filing and his security for costs for approval and filing. The security was sufficient, but the clerk, in effect, refused to approve or file it. The clerk could not by any act or denial of his cut off the contest, so that, on the facts stated, the contestant was rightly in court, and his status as contestant might have been success- fully maintained on the facts as they then were. But the contestant withdrew his security in order to get additional sureties. It has been held by this court that the security for costs is amendable. In *Wilson v. Duncan,* 114 Ala. 659, 21 South. 1017, the contestant gave security in the sum of $500 as provided by section 417 of the Code of 1886. The probate judge, before whom the contest was filed in that case, overlooking the act of February 10, 1893 (Laws 1892-93, p. 468), which had repealed section 417 of the Code and then re-enacted it so as to require security in unlimited amount, approved the security in the sum of $500. The court said: "The bond which was filed and approved in the case was not the one required by the statute, and as for the due prosecution of the proceeding, without more, it was just the same as if no bond had been filed at all." True, the question decided in that case arose upon a motion by the contestee to require a bond as prescribed by the statute, but jurisdiction of the subject-matter cannot be conferred by consent, and the ruling that contestant should have been required to give good and sufficient security for all the costs of the contest necessarily held that the security was amendable. And there is no question but that the court intended so to hold. The court said that the case of *Ex parte Morgan,* 30 Ala. 51, was a case identical in principle with the one then before it. At the time of the decision in *Ex parte Morgan* a statute provided that: Corporations before commencing suits

must give security for the costs, which must be lodged
with the clerk, and, on failure to do so, the suit, on mo-
tion of the defendant, must be dismissed.—Code 1852,
§ 2398.    The language of the statute was conceded to
be explicit and mandatory.    Stone, J., speaking his in-
dividual opinion, said: "When a corporation com-
mences suit without giving security for the costs, either
formal or informal, we have no discretion but to enforce
the plain letter of the statute.    *    *    *    When, how-
ever, security for costs has been given, although imper-
fect, it cannot be said that the plaintiff has failed to
give security, and hence the case is not within the pro-
visions of the mandate of the law, which declares that
the suit must be dismissed."    However, in that case, the
point was left undecided.    But in *Peavey v. Burket*, 35
Ala. 141, the question was again presented, and upon
that occasion Judge Stone, speaking for the court, said:
"This court now adopts the conclusion announced by
me in the case of *Ex parte Morgan*, and holds that, in-
asmuch as the security given in this case, although im-
perfect, was nevertheless given before the suit was in-
stituted, and appears to have had for its object a com-
pliance with the statute, the plaintiff should have been
allowed to execute a new and sufficient bond."    But, if
it should be suggested that the effect of withdrawing
the security was to strip the court of the jurisdiction
which it had once acquired, we think it must be said
that such effect can be attributed to that act for the rea-
son only that the withdrawal of the security operated
in law as a withdrawal of the statement of contest also.
The contestant upon the clerk's refusal to approve and
file the security might well have withdrawn the state-
ment by recovery of its manual possession, since the
clerk had no right to retain it except on the condition
of its filing; that is, in connection with and as a part of

a proceeding to the integrity and life of which both the statement and the security were essential. Each without the other was wholly ineffectual for any purpose whatever. Each was part and parcel of the other. They could not live apart. The withdrawal of the statement lacked only the form of. withdrawal. In legal effect, likewise, contestant refiled his statement of grounds of contest when, on the following day, still within the time prescribed by law for the commencement of contests, he filed the amended security for costs. Whatever view be taken of the proceeding, we conclude that the statement of contest and security for costs were filed at the same time within the meaning of the statute.

Petitioner's concluding suggestion that the bond for costs was materially altered by the addition of other signatures after it was first handed to the clerk, and that thereby the original sureties were discharged, does not require extended treatment. The nature of the undertaking was such that no doubt each of the original and supplementary signatures was added upon consideration of the fact that the bond had or would have others. The mere signing of the bond was not its execution as matter of law. It was executed and became effectual as a contract only when it was delivered to and approved by the clerk, and from that time it speaks.— *Forst v. Leonard,* 116 Ala. 82, 22 South. 481. Only then, if at all, did the bond fall within the influence of the principle declared in *Brown v. Johnson,* 127 Ala. 292, 28 South. 579, 51 L. R. A. 403, 85 Am. St. Rep. 134.

The application for mandamus must be denied.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.