# Lowery *v.* Petree.

## *Election Contest.*

(Decided February 18, 1912. 57 South. 818.)

1. *Appeal and Error; Dismissal; Grounds.*—Where the transcript was filed during the term to which it was by law returnable, it will not be dismissed because not filed in time, in the absence of a motion to that end.

2. *Election; Contest; Bond; Amendment.*—Although the bond was insufficient under section 470, Code 1907, and the petition was properly dismissed therefor, it was error to refuse to set aside such order where the petitioner immediately offered to perfect the security.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Election contest by William J. Lowery against Sidney J. Petree for the office of judge of probate. From a judgment dismissing the petition, because of failure to give statutory bond, contestant appeals. Reversed and remanded.

The bond was as follows: "We, William J. Lowery [here follows list of sureties], hereby agrees to pay to the person legally entitled to same all of the costs of the afore-styled cause, wherein William D. Lowery is contestant and Sidney J. Petree is contestee, provided such Sidney J. Petree be successful in said contest."

WILLIAMS & JONES, B. H. SARGEANT, R. T. SIMPSON, JR., W. H. KEY, and A. H. CARMICHAEL, for appellant. The bond was sufficient under the law.—Sections 462, 470 and 475, Code 1907. If not sufficient the bond was amendable, and the court should have set aside the order dismissing the appeal upon the immediate offer of petitioner to give perfect security.—*Morgan's case*, 30 Ala. 51; *Peavy v. Burkett*, 35 Ala. 141; *Wilson v. Duncan*, 114 Ala. 659; *Ex parte Shepherd*, 55 South. 627.

CHENAULT & CHENAULT, for appellee. The appeal should be dismissed.—Secs. 2849, 2870 and 5957, Code 1907; *Schulman v. Brantley,* 48 Ala. 193. The bond was not sufficient.—Sec. 470, Code 1907; *Hilliard v. Brown,* 103 Ala. 318; *Wilson v. Duncan,* 114 Ala. 669. The filing of the security for costs within the time named in the statute is jurisdictional, and the court could not proceed without it, and therefore, properly dismissed the petition.—*Wilson v. Duncan, supra; Black v. Pate,* 130 Ala. 514; *Pearce v. Anderson,* 162 Ala. 65. The case was dismissed before offer to file said security, and there was no case on which to base a security for cost. —*Turner v. Moblie,* 135 Ala. 130.

MCCLELLAN, J.—There is no motion to dismiss the appeal. The transcript was filed, though belated, during the term to which, in term time, it was by law returnable. In the absence of a motion to dismiss the appeal, we will not, *under these circumstances,* consider its dismissal.

The paper, purporting to be a bond, filed with the statement of contest, did not comply with the requirement of the statute in that particular.—Code 1907, § 470. It should have been conditioned to secure the costs of the contest. Obviously, an attempt, though abortive, was made to comply with the statute as to security for costs. In such case the bond, if defective as a statutory obligation, was amendable.—*Wilson v. Duncan,* 114 Ala. 659, 21 South. 1017. The doctrine, in this particular, of that decision, was reiterated in *Ex parte Shephard,* 172 Ala. 205, 55 South. 627. The court, therefore, erred in declining to set aside its order of dismissal upon the immediate (thereupon) offer of contestant to perfect the security for costs of contest, to

conform it to the requirement of the statute (section 470) therefor.

The judgment of dismissal is reversed, and the cause is remanded.

Reversed and remanded.   All the Justices concur.