(85 South. 22)

### ROBINSON v. WINSTON COUNTY.
### (6 Div. 937.)

(Supreme Court of Alabama. Jan. 15, 1920.)

COUNTIES ⬦178—BOND AND DECLARATION TO CONTEST ELECTION ON ISSUE OF BONDS MUST BE DULY FILED WITH CIRCUIT COURT CLERK.

While Code 1907, § 166, providing for contest of a county board election by qualified county elector by executing cost bond and observing the law pertaining to probate judge election contests, requires approval of the bond by. the probate judge, and section 470, relating to contests of such office, section 462, providing time for commencing contests, and section 475, authorizing judgment against parties, do not expressly provide that the bond shall be filed with any particular officer, they contemplated that after its approval the bond should be filed with the declaration of contest in the circuit court which has jurisdiction to hear and determine the contest, and hence, to give that court jurisdiction, the bond approved by the probate judge as required by section 166, and the declaration, should be filed with the clerk of that court within 20 days after declaration of the result pursuant to section 462.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

John W. Robinson, a citizen and taxpayer and a qualified voter of the county of Winston, filed a contest against Winston County of an election held on April 10, 1918, to provide for the issuance of certain funding bonds of the county. On motion of contestee the petition of contest was dismissed, and contestant appeals. Affirmed.

According to the petition, the election was held on the 10th day of April, 1919, and the result canvassed and declared on the Saturday following. The contest was filed April 29, 1919. The bond for the cost was approved June 30, 1919, and marked filed on the same day. The motion to dismiss was based on the fact that the petition and bond were not filed at any time required by law and that no bond for cost was filed with the circuit court where the petition for contest was filed.

R. L. Blanton, of Jasper, for appellant. The bond was properly filed with the judge of probate. Sections 166, 470, 462, 3306, and 3313, Code 1907; 160 Ala. 265, 49 South. 756; 172 Ala. 205, 55 South. 627; 113 Ala. 626, 21 South. 135. Having filed the bond as required, contestant should have been permitted to amend, by refiling it with the clerk. Authorities supra; 35 Ala. 141; 57 South. 818; 114 Ala. 659, 21 South. 1017.

Davis & Pennington, of Jasper, for appellee. The filing of the bonds in proper place, and the filing of the bond and contest within the time prescribed by the statutes, are jurisdictional, and must be. strictly complied with.

177 Ala. 164, 59 South. 160; 172 Ala. 205, 55 South. 627; 160 Ala. 286, 49 South. 321; 114 Ala. 659, 21 South. 1017; and Code sections cited by appellant. The proceedings cannot be amended as to jurisdictional matters. 25 Ala. 233.

ANDERSON, C. J. This is a proceeding to contest an election upon the bond issue for public improvements. Section 166 of the Code of 1907, in providing for a contest of such an election, in part says:

"A contest of the election held under this article in any county may be made by any qualified elector of the county by executing a bond, with two sufficient sureties, to be approved by the probate judge of the. county, for the payment of cost of the contest. * * * All provisions and incidents of the election law of this state, including a contest, which pertain to the election of judges of probate, shall be observed * * * as far as the same are applicable," etc.

Section 470 of the Code relates to contest of the office of judge of probate. Section 462 applies to all contests covered by the said article and to which section 470 belongs. Said section 462 also provides that the contest must be commenced within 20 days after the result of the election is declared, and that the party commencing such contest, upon filing his statement in writing, must give security for the cost of such contest, "to be filed and approved as in this article provided." It is true, the statute does not expressly provide that the bond or security upon contests like the one in question shall be filed with any particular officer; but it was evidently contemplated that,. as the written security or bond and the declaration of contest are both jurisdictional, they shall be filed together and in the court with jurisdiction to hear and determine the contest within 20 days after the declaration of the result of the election. The latter part of section 475 of the Code authorizes judgment in favor of a successful contestee against the contestant and his sureties for the cost and for which execution may issue. Therefore, in order for this provision to be effectual, the bond or security must be on file in the court in which the contest was instituted and tried. We are of the opinion that, while section 166 of the Code of 1907 requires the bond in the contest in question to be approved by the judge of probate, other provisions of our statutes contemplate that after its approval it should be filed, together with the declaration of the contest, with the clerk of the circuit court, and that such filing was essential to the right and power of said court to hear and determine the cause. Pearson v. Alverson, 160 Ala. 265, 49 South. 756; Wilson v. Duncan, 114 Ala. 659, 21 South. 1017; Hutto v. Walker County, 185 Ala. 505, 64 South. 313, Ann. Cas. 1916B, 372.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In the case at bar, the bond was approved by and filed with the probate judge and was never filed with the clerk of the circuit court, and it was essential to the jurisdiction of the said circuit court to try and determine the contest that the declaration and the security were both filed within 20 days after the result of the election was declared. All the authorities are in accord that the filing of a written declaration of contest and written security for cost are both jurisdictional facts, and that the same must be filed within the time prescribed by statute and not afterwards. It has also been held that the general statute as to amendments of pleading does not apply to a declaration or petition contesting an election. Black v. Pate, 130 Ala. 514, 30 South. 434; Pearson's Case, supra. It seems, however, that in the case of Wilson v. Duncan, supra, the court adhered to previous decisions permitting the amendment of security for cost when imperfect or insufficient security had been given, though the opinion expressly states that without a compliance with each of the foregoing provisions, "in form at least," the court before which the contest is to be tried has no right to proceed. In said case the security was given for $500 when the statute required security for all costs, but the security for the $500 was filed with the declaration of contest and in time, and the court seems to have sanctioned the action of the trial court in permitting the giving of security so as to cover all costs, upon the evident theory that the jurisdictional requirement had been, in form, complied with. The case of Lowery v. Petree, 175 Ala. 559, 57 South. 818, is to the same effect. Here, we have nothing in the way of a bond or written security filed with the clerk of the circuit court within the time authorized for the institution of the contest, as all that was done was to lodge and leave the bond in question with the judge of probate, and it was too late to file the same with the circuit court so as to invoke the jurisdiction thereof after the expiration of 20 days from declaring the result of the election.

The case of Ex parte Shepherd, 172 Ala. 205, 55 South. 627, is not only not opposed to the present holding, but rather conforms thereto, as it holds that the filing of security within the time prescribed, together with the petition or declaration of contest, is jurisdictional. In said case, however, the withdrawal of the old and the refiling were all done within the time limit prescribed by the statute.

The rulings of the trial court were free from error, and its judgment must be affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.