# Pearson *v.* Alverson.

*Contest of Election.*

(Decided May 24, 1909. 49 South. 756.)

1. *Elections; Contest; Statutory Provision; Construction.*—The provisions for the inaugurating an election contest as to jurisdiction should be strictly construed.

2. *Same; Petition; Amendment.*—After the time limited for the commencing of an election contest has expired the petition cannot be amended if it is defective as to any of the statutory requirements.

3. *Same; Security for Costs.*—The giving of security for costs of an election contest is jurisdictional. (Section 462, Code 1907) ; and the security must be in writing and the deposit of money with the judge of probate is not a compliance with that requirement.

4. *Same; Petition; Requisites.*—If a petition to contest an election fails to allege that petitioner was a qualified voter when the election was held, it is fatally defective. (Sec. 460, Code 1907.)

5. *Same; Pleading; Amendment.*—The time limit for the commencement of an election contest cannot be enlarged by the application of the statute authorizing amendments to pleadings in ordinary actions, so as to authorize the amendment of fatal defects in a petition to contest an election after the time has expired.

6. *Same; Dismissal of Grounds.*—There is no time limit fixed within which to dismiss an election contest, and hence, a motion made on the single ground was afterwards amendable by the addition of other grounds.

APPEAL from St. Clair Probate Court.

Heard before Hon. W. S. FORMAN.

C. D. Alverson was elected treasurer of St. Clair county, whereupon, Pickens Pearson filed a contest. From a motion granted dismissing his contest Pearson appeals. Affirmed.

M. M. SMITH, VICTOR H. SMITH and JAMES A. EMBRY, for appellant.—The court having jurisdiction of the subject matter and having acted upon the statement of the grounds of contest assumed jurisdiction and it was a matter for the court to pass upon.—*Hilliard v. Brown,* 103 Ala. 318, and cases there cited. The fact that petitioner was a qualified voter in said county at the time of said election, is not jurisdictional.—*Ex parte Haralson,* 75 Ala. 543. This is not required by section 471, Code 1907. The averment that the contestant was a candidate and was duly elected to the office in question, is sufficient.—15 Cyc. 408; subd. J. and cases there cited; 18 Century Dig.; Title Elec. sec. 18. The court erred in refusing to permit the amendment to the grounds of contest.—Sec. 5857, Code 1907; *Black v. Pace,* 130 Ala. 514.

GOODHUE & BLACKWOOD, for appellee.—A bond is required for security of cost. Secs. 462, 471 and 475, Code 1907; *Ex parte Norgan*, 30 Ala. 51; *Wilson v. Duncan*, 114 Ala. 669. The statement must show on its face that the contestant was a qualified voter and this is jurisdictional.—*Black v. Pace*, 130 Ala. 523; *Hilliard v. Brown*, 79 Ala. 103. A full, complete and exhaustive discussion of the questions involved in this case will be found in the case of.—*Gillespie v. Dyon*, 33 L. R. A. 703.

SIMPSON, J.—The petition in this case was filed by the appellant against the appellee for the purpose of contesting the election of said contestee to the office of county treasurer. On motion made by the contestee the petition was dismissed, and from the decree of the judge of probate dismissing said petition, this appeal is taken.

Election contests are special statutory proceedings, and, according to the best authorities, which have been followed by our own court, are to be strictly construed as to those provisions for inagurating the contest, and which are necessary to jurisdiction. A short time limit is fixed, because it is important that such matters should be determined as speedily as possible for the public good. It is accordingly held that, if the petition is defective as to any of the statutory requirements, it cannot be amended after the expiration of the time limited for commencing the contest. To construe the law otherwise would render the time limit of the statute ineffective. The giving of security according to the statute is also a jurisdictional requirement.—*Black v. Pate*, 130 Ala. 514, 30 South. 434; *Wilson v. Duncan*, 114 Ala. 659, 21 South. 1017; *Gillespie v. Dion*, 18 Mont. 183, 44 Pac. 954, 33 L. R. A. 703. The first subdivision of section 460, Code 1907, requires that the petition or "statement in writing" shall state that the party who files it "was

a qualified voter, when the election was held." The petition or statement in this case does not contain this allegation, and the motion to amend it in that particular was not made until long after the time limit had expired. "The statutes authorizing amendments to pleadings, in ordinary suits, cannot be applied to enlarge the time so expressly limited."—*Black v. Pate, supra,* 130 Ala. 526, 527, 30 South. 439. Section 462, Pol. Code 1907, provides that "at the time of commencing such contest and of the filing of the statement in writing the party contesting must give security for the costs of such contest, to be filed and approved as in this article provided;" and section 471 requires said security to be approved by the judge of the probate court. The requirement that it shall be "filed" shows that said security must be in writing. In this case no such security was filed; but, in lieu thereof, the contestant deposited $100 with the judge of the probate court, which was not a compliance with the statutory requirement. This is a jurisdictional requirement, and cannot be supplied after the expiration of the time limit. There is no time limit fixed by statute within which a motion to dismiss the contest shall be filed by the contestee. Hence there is no force in the objection by the contestant that the motion was made first only on the ground of the failure to give the security required by statute, and afterwards amended so as to include the other cause. At any rate, from what has been said, it will be seen that the first motion was sufficient to warrant the dismissal of the contest.

The decree of the judge of the probate court is affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.