178 So. 33

## GROOM v. TAYLOR.

### 1 Div. 990.

Supreme Court of Alabama.

Dec. 16, 1937.

Rehearing Denied Jan. 20, 1938.

M. F. Dozier, of Mobile, and Harsh, Harsh & Hare, of Birmingham, for appellant.

Smith & Johnston, of Mobile, for appellee.

KNIGHT, Justice.

This appeal is from a judgment of the circuit court of Mobile county, dismissing

an election contest instituted by Winston F. Groom, appellant here, against appellee Taylor and others, and involves the election of a city commissioner of Mobile, Ala.

It appears that the city of Mobile operates under a commission form of government. Gen.Acts 1911, p. 330 et seq., and amendments thereto. The governing body of the city is composed of three commissioners elected by the qualified electors of the municipality. The act provides that one of the commissioners shall be elected every two years. Gen.Acts 1911, p. 340, § 10, as amended by Gen.Acts 1915, p. 871, § 2, requires that the first election, in election years to select a commissioner, shall be held on the second Monday in September, and, in section 11, p. 341, Gen.Acts 1911, if no one of the candidates for the office shall receive a majority of the votes cast, counting for him first and second choice votes, another election shall be held not less than ten nor more than fifteen days thereafter. Each qualified elector in the first election may vote for "a first and second choice" for each office to be filled.

In the election held on the second Monday in September, 1937, being the thirteenth day of the month, to select a commissioner for said city, there were four candidates for the office, two of whom were R. V. Taylor and Harry T. Hartwell.

At this first election, the official results showed, that Hartwell received 3,425 first choice votes and 621 second choice votes; that R. V. Taylor received 3,039 first choice votes and 345 second choice votes; that a third candidate received 1,598 first choice votes and 1,061 second choice votes; and that the fourth candidate received 142 first choice votes and 475 second choice votes. No one having, on the face of the returns, received a majority of the first choice votes, or a majority of the votes cast, counting first and second choice votes, another election was called and held on September 27, 1937, at which second election the said R. V. Taylor was officially declared elected to the office of commissioner.

The pertinent provisions of the act of 1911 are: "At all such elections the candidate or candidates receiving the highest number of first choice votes for the office or offices to be filled shall be declared elected thereto, provided such highest number of votes be not less than a majority of the whole number of ballots cast. Should any office remain unfilled by reason of the fail- ure of any candidate to receive a majority of the first choice votes cast, then the first choice and second choice votes of each candidate shall be added together and the candidate or candidates who shall have received the highest number of first and second choice votes together shall be declared elected provided such number be not less than a majority of the whole number of ballots cast. Should any office still remain unfilled by reason of the failure of any candidate to receive votes equal to a majority of the ballots cast, such vacancy or vacancies shall be filled by another election to be held not less than ten nor more than fifteen days thereafter. At such second election the ballots shall have printed thereon only the names of those two candidates who receive the highest number of first choice and second choice votes, when added together, at the first election; and the number of candidates whose names shall be printed on said second election ballot shall not exceed two for each office to be filled. In case of a tie vote between two candidates each of whom receives a majority of first choice votes, the one shall be deemed to have the highest number who shall have received the highest number of second choice votes. In case of a tie vote between two unelected candidates who receive an equal number of first choice votes when added together, the one shall be deemed to have the highest number who shall have received the highest number of first choice votes. No defect in the form of ballot or technicality or inaccuracy in such election or in the call, notice or conduct thereof, shall invalidate such election if the same was in substance fairly conducted and the will of the people fairly expressed thereat. Except as is otherwise provided in this act all elections for commissioners hereunder shall be conducted as provided by the general laws of this State applicable thereto, and at the expense of the city in which such election is held." Gen. Acts 1911, p. 341, § 11.

On the 2d day of October, 1937, appellant, Winston F. Groom, a duly qualified elector of said city, filed in the office of the clerk of the circuit court of Mobile (a court with statutory jurisdiction to hear and determine the contest) a contest, which dealt alone with the result of the first stage of the election held on the second Monday in September, 1937, and in the statement then filed no mention whatever is made of the "run off" election held on September 27th.

This second stage of the election is required by law only in the event no candidate should receive a majority of the votes cast, counting for him first and second choice votes in the first election. The only duty imposed upon the authorities with reference to this second, or "run off," election is that they shall fix date of such election, and the law enjoins that the date shall not be less than ten nor more than fifteen days after the first election.

It abundantly appears that appellant's contest was directed to the first stage of the election and not to the second stage. His contention, in substance, was that, through manipulation of the election officers, first and second choice votes, not legally cast, were counted for Taylor, which, if taken from him, would have reduced the number of votes certified in Taylor's behalf; and that, of the remaining legal first and second choice votes cast, Harry T. Hartwell received the number sufficient to have elected him—a majority of the votes cast, counting first and second choice. If this was so, under the terms of the statute, there would have been no occasion for the second election, as the said Hartwell was entitled to the office under the first election.

The appellant's contest was filed within time to contest either election.

It appears that the court proceeded to have a hearing of the contest on October the 11th, twenty-eight days after the first election, and the record discloses on that day the contestant filed the following amendment:

"Comes the Contestant in the above styled cause, and by leave of the Court first had and obtained amends his contest proceeding by adding thereto the following averments, viz:

"1. Said election was held in two stages, the first being the elimination held September 13, 1937, and the second on September 27th, 1937, and the same constituted one election, and as the result thereof the contestee, R. V. Taylor, was declared elected to the office for which said election was held.

"2. That the Contestant was, at the time the petition in this cause was filed, and is now, a duly qualified elector of the City and County of Mobile, State of Alabama, voting in Box No. 3, Ward No. 8, of the said City of Mobile."

It is true, the judgment entry does not show the actual allowance of the amendment, but it is in the record, and in brief of counsel we find the following statement with reference to said amendment: "For the purpose of this appeal, however, we shall regard it (amendment) as having been made prior to the time the order was made, although the record fails to show any order allowing the amendment. We are, therefore, warranted in treating the amendment as made and allowed before the court granted the motion of defendant Taylor to dismiss the contest."

Contestant Taylor filed motion to dismiss the contest. The motion is as follows:

"1. This Court is wholly without jurisdiction over any such action, contest, or proceeding.

"2. Because it affirmatively appears from the statement of the alleged contest that the contestee, R. V. Taylor, was not declared elected to the office of City Commissioner of the City of Mobile in the election held on September 13, 1937, and hence this Court is wholly without jurisdiction over this action, contest, or proceeding.

"3. Because under sections 1884 and 545, et seq., of the Alabama Code of 1923, a contest of an election may be filed only where a person has been declared elected to a municipal office, and it affirmatively appears that in the election held on September 13, 1937, the said R. V. Taylor was not declared elected to the office of City Commissioner of the City of Mobile, and hence this Court is wholly without jurisdiction over this action, contest, or proceeding.

"4. While the election of any person declared elected to the office of a municipality may be contested by any qualified elector under sections 1884 and 545 et seq., of the Code of 1923, yet no election of a person not declared elected to a municipal office may be contested, and hence this Court is without jurisdiction over this action, proceeding, or contest."

The motion of contestee was granted by the court, and the proceeding dismissed out of court.

The main insistence of appellee is that no one was declared elected in the first election, and that a contest can only be had against one declared elected; that it is essential to confer jurisdiction upon the court that the statement of contest required to be filed shall disclose that it is brought against the person declared elected to the office. Therefore, inasmuch as no one was declared elected to the office of commissioner in the

election held on September 13, 1937, and the statement of contest, apart from the purported amendment of October 11, 1937, failing to contain this jurisdictional averment, the statement, as filed, was insufficient to confer jurisdiction upon the circuit court to hear and determine the contest.

We are in full accord with counsel for appellee that proceedings of this kind are purely statutory. They do not exist otherwise. Being purely statutory, they are to be strictly construed as to those provisions for inaugurating the contest, and which are necessary to invoke jurisdiction. Pearson v. Alverson, 160 Ala. 265, 49 So. 756.

The insistence of appellee that the statement cannot be amended, after the time limit has expired for filing the contest, by the addition of additional grounds of contest not stated in the original statement, is also sound, and is fully sustained by decisions of this court. Black v. Pate, 130 Ala. 514, 30 So. 434.

However, the insistence, that by the amendment of October 11, 1937, the contestant attempted to bring forward a new ground of contest, is not well made. This amendment, which, in view of brief of counsel for appellee, we are justified in assuming was made and allowed before the final order of dismissal was entered, brought forward no new ground of contest, but rather clarified the statement of contest and made certain the person who had been declared elected to the office, in the second election, if that was in fact necessary in this case.

If, as charged in the statement of contest filed on October 2, 1937, the said Harry T. Hartwell actually received in the first election a majority of the votes cast, counting for him first and second choice votes, he would be entitled to the office, notwithstanding the election officers, by some illegal manipulation, either in failing to count for said Hartwell legal first and second choice votes cast for him, or by counting for Taylor votes not cast for him, or by conjunction of the two methods, certified to a different result. If Hartwell, in fact, received a majority of the first and second choice votes in the first election, the second stage of the election was unauthorized, and the result of the second election could not deprive him of the office.

While we are fully mindful of the fact that it is only by statute that an election may be contested, yet the statute has made ample provision on the subject, to the end that the will of the electorate shall not be defeated by the action of election officers.

While the statute provides for two elections, it is in fact but one election, in two stages. The second stage is only made necessary by reason of the failure of the electorate to give one of the candidates the required majority.

It was never in contemplation of the lawmakers that a candidate might secure in the first stage of the election a majority of the votes cast, counting for him first and second choice votes, and, because the election officers failed to make a proper tabulation, or by other action on their part, the second stage of the election was resorted to, that such a candidate or some qualified elector, by pursuing timely and proper statutory method, could not contest the declared result of the first stage of the election—without regard to the result of the second stage.

We are therefore at the conclusion that the statement of contest filed by the appellee was sufficient to confer upon the circuit court of Mobile county jurisdiction to hear and determine the issue, as presented by appellant's statement of contest, and by which contest he had undertaken to show the declared result of the first stage of the election was erroneous: that, instead of being 57 votes short of a majority, the said Hartwell had, in truth and fact, received a majority of the votes cast—counting for him first and second choice votes—and had therefore been elected.

It is also insisted by appellee that the giving of security according to section 552 of the Code is a jurisdictional requirement. We fully agree with this insistence. Pearson v. Alverson, supra.

There is in the record, however, what purports to be a bond, but it is not in the form contemplated by section 552 of the Code. No objection was made to the form of the bond or to its sufficiency in the court below. No doubt, if objection had been made to the sufficiency or form of the bond, the appellant would have perfected it by amendment. The defect in the bond was amendable. Wilson v. Duncan, 114 Ala. 659, 21 So. 1017; Lowery v. Petree, 175 Ala. 559, 57 So. 818, and Bowen v. Holcombe, 204 Ala. 549, 87 So. 87.

In view of the fact that no objection to the form of the bond or its sufficiency was

raised in the court below, so far as appears from the record, the court's action in dismissing the contest cannot be justified upon the ground that security for cost of the contest had not been given as the statute directs.

There are no other questions of merit presented by the record.

It follows that the judgment here is that the court below committed error in dismissing the contest, and for this error the judgment of the circuit court will be reversed, and the cause remanded for trial in conformity to the statutes in such cases made and provided.

Reversed and remanded.

ANDERSON. C. J., and THOMAS and BROWN, JJ., concur.