171 So.2d 453

**T. C. LONGSHORE**

v.

**CITY OF HOMEWOOD et al.**

6 Div. 138.

Supreme Court of Alabama.

Feb. 4, 1965.

Griffin & Wilson, Birmingham, for appellant.

J. M. Breckenridge, John S. Foster and Wm. W. Conwell, Birmingham, for appellee City of Birmingham.

SIMPSON, Justice.

The decree in this case was rendered by the lower court in September, 1964, but the

case was not submitted to this court until the 8th day of January, 1965. Contrary to published reports, it was not submitted to this court in September.

Appellant is a resident of the City of Homewood. He filed a petition in the Probate Court of Jefferson County contesting a special election held on August 11, 1964, under the provisions of Title 37, § 188, Code of Alabama 1940 (recompiled 1958), which election was held to determine whether the City of Homewood would be annexed to the City of Birmingham.

The Probate Court dismissed the contest for want of jurisdiction to hear the matter. The appeal is from the decree dismissing the cause.

Title 37, § 188 is as follows:

"Mode of consolidating.—When two or more municipalities lying contiguous to each other desire to consolidate and operate as one municipality, they may do so in the manner following. If it is the purpose to annex a city or town to another municipality, then each city or town shall express a willingness to such annexation by adopting an ordinance of the council, and the council of the municipality to be annexed shall thereupon call an election to be conducted in the same manner as other municipal elections by officers selected by the council. The election shall be held not less than thirty days after the passage of the ordinance. If at the election, conducted under the same sanctions and penalties as general elections, a majority of the qualified electors voting shall vote for annexation upon official ballots furnished for that purpose, then, upon a canvass of the returns, made as in general municipal elections, showing such results, the territory within the corporate limits of such city or town shall become a part of the annexing municipality and may be divided into wards or annexed to wards already established. Upon a presentation to the council of a petition signed by fifty qualified electors of the city or town; or fifty per cent of the qualified electors thereof, whichever is the least, requesting an election to be held to decide whether such city or town shall be annexed to another city or town, it shall not be necessary for the council to pass an ordinance expressing a willingness to be annexed, but the council shall pass the necessary ordinances providing for an election by the qualified electors of the city or town to decide the question."

The only question to be decided on this appeal is whether or not the Probate Court has jurisdiction to hear and determine a contest of an annexation election held under the provisions of the quoted statute.

The legislature has not specifically provided for a contest of an election held under § 188, supra.

In addition to § 188 there are at least four other acts in Title 37 dealing with the alteration of municipal boundaries. The legislature specifically provides for contests of elections held under the provisions of each of these statutes.

Title 37, § 135 permits a municipality to extend its boundaries or limits by annexing contiguous unincorporated territory. The qualified electors in the territory to be annexed vote for or against annexation. Such annexation election may be contested by any qualified elector voting at the election "under the same provisions as are provided by general law for contesting the election of justice of the peace making the city or town the contestee." (Such contests being brought in the Probate Court under the provisions of Title 17, §§ 236, 247–253, Code).

Title 37, § 138 allows a municipality having 25,000 inhabitants, or more, to extend its corporate limits by holding an election by the qualified electors residing in the territory to be annexed. Section 150 provides that "the result of such election may be contested by any qualified elector voting at the election, as is provided by general law for contesting the election of justice of

peace, making the city the contestee." (Probate Court, Title 17, § 236, supra).

Title 37, § 195 et seq. provides for the uniting of two contiguous municipalities. The qualified electors in the city or town to be annexed vote on a written annexation agreement stating the terms and conditions of the proposed annexation. Such "election may be contested in the same manner as is provided for the contest of any city or town officers." Section 200. (Such contest must be filed in the Circuit Court, Title 37, § 34[68]).

Title 37, §§ 237-250 provide for the exclusion of territory already included in a municipality and § 247 provides that "the result of such election [held pursuant to § 237, et seq.] may be contested by any qualified elector voting at the election under the same provisions as are provided by general law for contesting the election of justice of the peace making the city or town the contestee. (Probate Court).

The question which we must decide is what the legislature intended by its silence on the question of contesting elections held pursuant to Title 37, § 188. The appellant argues that by analogy to these other statutes, it should be inferred that a contest was intended to be provided for and that the Probate Court should be assumed to have jurisdiction to hear such contests, since the legislature has given that court jurisdiction to hear contests of other and similar elections.

There are several reasons why we cannot agree with appellant:

(1) Probate Courts are courts of limited jurisdiction. They have only that jurisdiction which is expressly given by statute. Neither the Probate Judge nor the Probate Court can have any greater authority than that conferred by statute.—American Surety Company of New York v. King, 237 Ala. 510, 187 So. 458; Broadfoot v. City of Florence, 253 Ala. 455, 45 So.2d 311. Stated differently, "probate courts are courts of limited or special jurisdiction and, being inferior courts, cannot take jurisdiction or administer remedies except as provided by statute."—14 Am.Jur., Courts, 252.

(2) Further, election contests exist only by virtue of statutory enactment and such statutes are to be strictly construed.—Groom v. Taylor, 235 Ala. 247, 178 So. 33. "The right to contest an election is not a common-law right (Cosby v. Moore, 259 Ala. 41, 65 So.2d 178). Elections belong to the political branch of the government, and, in absence of special constitutional or statutory provisions, are beyond the control of judicial power." 29 C.J.S. Elections § 246. Further at § 247 the rule is stated that statutes providing for election contests "should be strictly construed or observed as to those provisions for inaugurating the contest and which are necessary to jurisdiction [citing Walker v. Junior, 247 Ala. 342, 24 So.2d 431, 165 A.L.R. 1257; Groom v. Taylor, supra]. * * * An election contest being purely statutory, the courts are limited in their investigation to such subjects as are specified in the statutes. The remedy is not to be extended to include cases not within the language of the statute; and the right of contest is not to be inferred from doubtful provisions."

Certainly, in light of the above general statement, the right to contest an annexation election in a court of limited jurisdiction should not be inferred in the absence of any statutory provision on the subject.

In connection with this case we call attention to Bouldin v. City of Homewood et al., post p. 665, 174 So.2d 306.

Decree affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.