302 So.2d 92

Mike PERLOFF

v.

Pat EDINGTON et al.

SC 965.

Supreme Court of Alabama.

Sept. 23, 1974.

Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellant.

Gallalee, Denniston & Edington, Mobile, for appellees.

MERRILL, Justice.

The sole question presented in this appeal is one of law—whether the State Democratic Executive Committee and its subcommittee had jurisdiction to hear a primary election contest when the statute requiring the committee to meet not more than twenty days from the time of the filing of a contest, Tit. 17, § 386, was not complied with. We hold that the subcommittee was without jurisdiction.

Appellant, Mike Perloff, and James E. Buskey were candidates for State Senator from the 33rd Senatorial District in Mobile County. The official vote canvass in the June 4th runoff showed Perloff the winner by 393 votes. Within five days, Tit. 17, § 373, Buskey filed a document with the State Committee requesting "a recount of votes," which in its correspondence and notice, the committee treated as the filing of a contest. The order of the committee shows that Buskey's contest was filed on June 10. This means that Tit. 17, § 386 required the committee to meet not more than twenty days later. But the order was not made until July 8 and the subcommittee was not authorized to meet until July 16. Perloff was notified of this order on July 10, filed this petition for writ of prohibition in the circuit court to prohibit the subcommittee from meeting and the hearing was set in circuit court for July 16. At that hearing, there was some question of notice and the parties agreed to continue the hearing to September 5, 1974. On that day, Perloff appeared with counsel, the subcommittee was represented by counsel and Buskey was present and the following occurred:

"THE COURT: Come up, Mr. Buskey, if you will, please. (Mr. Buskey complied.) And tell us what you and Mr. Soloman Seay [Buskey's counsel] have decided since July 16th as to whether or not you would like to participate in this hearing.

"MR. BUSKEY: No, sir. In the matter before the Court, we have no position.

"THE COURT: You have no position?

"MR. BUSKEY: No.

"THE COURT: All right. You would just like to be present and witness what goes on?

"MR. BUSKEY: Yes, sir."

Buskey took no part in the proceedings in this case but remained as a spectator.

The petition for writ of prohibition was denied September 6, 1974.

Appellant argues three reasons why the party subcommittee lacked jurisdiction to hear and determine the election contest:

1. The party chairman failed to call a meeting of the state committee or to appoint a subcommittee in not less than ten or more than twenty days after the filing of the contest as required by Tit. 17, § 386, Code 1940;

2. The document attempting to institute the contest was insufficient therefor because Buskey only asked for a recount instead of filing a contest.

3. A cash deposit of $50.00 was not proved as required by Tit. 17, §§ 378 and 380.

We treat only the first reason because it is clear that the state committee and its subcommittee lost jurisdiction of the contest if it ever acquired it. The chairman of the committee, and the subcommittee, treated it as a contest of a primary election and it is so treated here in our consideration of the initial point raised, although we express no opinion on the matters raised in reasons 2 and 3.

The Legislature has given the handling of political party nominations to the several political parties, even to the decision as to whether the party will nominate its candidates by primary elections or conventions. Tit. 17, § 336.

To insure that political parties would not be bothered in the handling of their nominating elections and the contests arising therein, as well as other elections of persons to office, courts have no jurisdiction except that "specially and specifically enumerated and set down by statute." Tit. 17, § 235. This court has followed the statute in Ex parte Skidmore, 277 Ala. 221, 168 So.2d 483, and the cases therein cited.

In effect, the Legislature has said that political parties can run their party affairs without interruption by the courts, but those affairs must be run within the rules laid down by the Legislature.

One of the reasons for this rule in election contests is that time is of the essence in an election contest. The party committee, or its subcommittee, can act more speedily than the courts and can devote its time to one contest, where the courts are occupied with all types of litigation.

The right to contest an election is given by virtue of the statutes and "it must be instituted and presented within the 'jurisdiction' etc., and as prescribed by law, and by a person so authorized." Garrett v. Cuninghame, 211 Ala. 430, 100 So. 845.

In Pearson v. Alverson, 160 Ala. 265, 49 So. 756, the court stated:

"Election contests are special statutory proceedings, and, according to the best authorities, which have been followed by our own court, are to be strictly construed as to those provisions for inaugurating the contest, and which are necessary to jurisdiction. A short time limit is fixed, because it is important that such matters should be determined as speedily as possible for the public good. It is accordingly held that, if the petition is defective as to any of the statutory requirements, it cannot be amended after the expiration of the time limited for commencing the contest. To construe the law otherwise would render the time limit of the statute ineffective. The giving of security according to the statute is also a jurisdictional requirement. * * *"

Also, in Longshore v. City of Homewood, 277 Ala. 444, 171 So.2d 453, this court said:

"Further, election contests exist only by virtue of statutory enactment and such statutes are to be strictly construed. —Groom v. Taylor, 235 Ala. 247, 178 So. 33. 'The right to contest an election is not a common-law right (Cosby v. Moore, 259 Ala. 41, 65 So.2d 178). Elections belong to the political branch of the government, and, in absence of special constitutional or statutory provisions, are beyond the control of judicial power.' 29 C.J.S. Elections § 246. Further at § 247 the rule is stated that statutes providing for election contests 'should be strictly construed or observed as to those provisions for inaugurating the contest and which are necessary to jurisdiction [citing Walker v. Junior, 247 Ala. 342, 24 So.2d 431, 165 A.L.R. 1257; Groom v. Taylor, supra]. * * *' "

We come now to the statutory rule alleged and admitted by stipulation to have been violated. Title 17, § 386 states that the chairman of the State Executive Committee "shall" call a meeting of the committee, or a subcommittee, "to meet at a time not less than ten nor more than twenty days from the time of filing such contest for the purpose of hearing and determining the same, * * *."

In Prather v. Ray, 258 Ala. 106, 61 So. 2d 46, it was said:

" * * * Upon the filing of a contest with him, the Chairman *must* call the Committee to meet at a time not less than ten days nor more than twenty days from the time of filing of the contest, for the purpose of hearing and determining the same, or, without calling the Committee to meet, the Chairman may appoint a subcommittee as provided in § 394, Title 17, Code 1940. § 386, Title 17, Code 1940." (Emphasis supplied.)

In the early case of Black v. Pate, 130 Ala. 514, 30 So. 434, the court said:

"Contests of election being unauthorized except by statute, any material departure from the statutory mode of instituting and conducting such contests is likewise unauthorized. This is especially true in respect of the limitation of time contained in the statute regulating contests for the office of sheriff which provides: 'The person contesting must file in the office of the judge of probate of the county in which the election was held, within fifteen days after the result of the election has been declared, a statement in writing of the grounds of contest verified by affidavit.'—Code, § 1697. This and several other provisions of the statute are made to hasten the termination of such contests in view of the fact that it is important to the public as well as the parties that the office be administered by the person rightfully entitled thereto. Introducing new grounds of contest after the prescribed time, would naturally be productive of surprise to the contestee and of disadvantage to him, unless the trial be postponed to enable him to meet such grounds. Hence the legislature, assuming that 15 days would be sufficient for one acting with diligence to learn of matters invalidating a declaration of election, has made no provision for filing grounds of contest after 15 days therefrom. The statutes authorizing amendments to pleadings in ordinary suits cannot be applied to enlarge the time so expressly limited."

This court has also held that the statute fixing the time for holding a mass meeting for nominating candidates for public office is mandatory. Herndon v. Lee, 281 Ala. 61, 199 So.2d 74; Kinney v. House, 243 Ala. 393, 10 So.2d 167.

■ Both sides agree that in hearing election contests, party committees sit as courts of special or limited jurisdiction. Boyd v. Garrison, 246 Ala. 122, 19 So.2d 385.

The mere reading of our statutes on election contests, and our cases involving

statutory time limits on those contests shows that the policy of the law requires prompt action in the hearing and disposing of contested elections.

■ The public has an interest in the speedy determination of election contests, and provisions of the statute limiting the time within which steps may be taken are universally regarded as mandatory, and unless they are strictly complied with, the tribunal hearing the contest is without jurisdiction to proceed. See 29 C.J.S. Elections § 259, pp. 705, 706.

The State Democratic Executive Committee and its chairman must comply with the rules laid down by the Legislature to acquire and retain jurisdiction of primary election contests. It is mandatory that the chairman comply with Tit. 17, § 386, by setting the date for the committee to hear the contest within the prescribed time limits. After that initial meeting, the schedule of hearings and proceedings may be set by the committee and the interested parties, but the time limit is jurisdictional because there can be no contest until the hearings begin and the first hearing must be held within twenty days after the filing of the contest. To state it differently, the contest does not start until a date is set for the first hearing.

■ Assuming, without deciding, that the committee did acquire jurisdiction of this alleged contest, it lost jurisdiction because of the failure of the chairman to call the meeting of the subcommittee within the prescribed time. If the subcommittee lost jurisdiction of the contest, and we hold that it did, a writ of prohibition was proper. In Ex parte May, 253 Ala. 684, 46 So. 2d 836, this court said:

"The circuit courts of this state have jurisdiction to issue writs of prohibition to prevent the executive committees of political parties and the sub-committees thereof from proceeding in election contests, where such committees or sub-committees do not have jurisdiction to hear and determine such contests. Such is the effect of Ex parte State ex rel. Bragg, 240 Ala. 80, 197 So. 32."

If the committee or the chairman fail or refuse to follow the mandates of the statutes, the only recourse of either the contestant or the contestee is to the courts. In such cases, the courts are open.

The court was open to both the candidate and the committee in Butler v. Amos, 292 Ala. 260, 292 So.2d 645, where both parties sought a construction and application of § 47, Constitution of Alabama 1901. The courts were also open to the candidate and the committee in Hobbie v. Vance, 292 Ala. 367, 294 So.2d 743, where one of the main questions was the construction and application of the liner statute, Tit. 17, §§ 18, 19, when that statute had been misconstrued in an opinion of the Attorney General requested by the candidate.

The courts were open to Perloff, the announced nominee, when, on July 10, 1974, he was notified that a subcommittee had been appointed to hear Buskey's contest. Two days later, Perloff filed his petition for writ of prohibition in the circuit court raising the point of lack of jurisdiction.

The trial court erred in denying appellant's petition for writ of prohibition.

We now allude to a fact not in the record, but which is mentioned in briefs and is known to the voters of the 33rd Senatorial District, the people of Mobile County, and it was carried in the state press. This fact had no influence on our holding but it does show that appellee received from the subcommittee the one thing he specifically asked for in his original request—a recount of votes. The certified returns showed Perloff won by 393 votes. The recount of the subcommittee, held on Friday, September 13, 1974, showed Perloff winning by 385 votes. So, regardless of the subcommittee's lack of jurisdiction, the contestant received a re-

count and it did not change the result of the election.

The judgment of the circuit court is reversed and one is here rendered holding that the subcommittee of the State Democratic Executive Committee is without jurisdiction to proceed in the matter of the contest by James E. Buskey of the election of appellant to the office of State Senator from Senate District 33.

Reversed and rendered.

HARWOOD, MADDOX, McCALL and FAULKNER, JJ., concur.