This appeal arises from a challenge to an election establishing a fire and rescue district in Jefferson County. The probate court denied appellants' motion to alter, amend, or vacate its order establishing the district according to the election results. We affirm.
Act No. 79 of the Special Session of the Alabama Legislature, 1966, as amended (Act 79), provides the procedure for establishing fire and rescue districts in Jefferson County. Amendment No. 239 to the Alabama Constitution, ratified in 1965, allowed the legislature to provide for the formation of fire protection districts in Jefferson County. Amendment No. 369, ratified in 1977, added medical rescue services to the permissible district functions. Amendment No. 314 and numerous acts of the legislature have also modified Act No. 79.
On May 15, 1981, a petition was presented in the Probate Court of Jefferson County requesting an election on the questions of whether to establish a fire and rescue district in the Mount Olive area, and to levy a service charge for the district as provided in the statutory scheme. The petition contained 435 signatures, of which the county board of registrars certified 265 as qualified voters in the Mount Olive area. The probate court ordered an election to be held on June 16. The election was held on that date, and the probate court entered an order establishing the Mount Olive Fire and Rescue District on June 23. The court found that 552 votes were cast to establish the district, 413 votes were cast against establishing the district; 497 votes were cast for establishing a service charge, and 393 were against the charge.
On July 16, 1981, the appellants herein, qualified electors of the district, filed a motion to alter, amend or vacate the order of June 23 and to have the election declared null and void. This motion alleged that persons not residing in the district voted in the election and that owners of property in the district and qualified electors residing in the district were denied the right to vote. The motion also alleged "a prior agreement and understanding by proponents of the proposed district to later exclude certain areas of the proposed district. Therefore, persons not actually to be served by the proposed district were allowed to vote concerning the proposed district." This allegation apparently refers to an order entered on July 2 by the Equity Division of the Circuit Court for the Tenth Judicial Circuit of Alabama pursuant to a petition filed by the Board of Trustees of the Mount Olive Fire and Rescue District. That order corrected a "scrivener's error" in the description of the district; this change seems to be the later exclusion of certain areas mentioned in appellants' motion.
Appellants' motion alleged further grounds, but the only other ones raised on appeal allege false and misleading statements published prior to the election by proponents of the district and unconstitutionality of Act 79, as amended.
The probate court held a hearing on the motion on August 14 and denied the motion on August 17, 1981. Appellants filed notice of appeal to this Court.
Appellants acknowledge that Act No. 79, as amended, is silent as to contests of elections provided for by the Act. They assert *Page 33 
that because of this lack of specific authority, Rule 59, A.R.C.P., should apply and thus their motion to alter, amend or vacate is an appropriate challenge to the establishment of the district.
This argument overlooks the well-settled principle that "[e]lection contests are not of common law origin, but are creatures of statutes which prescribe the terms and conditions of their exercise." Cosby v. Moore, 259 Ala. 41, 46,65 So.2d 178 (1953). "Elections belong to the political branch of the government, and, in absence of special constitutional or statutory provisions, are beyond the control of judicial power." Longshore v. City of Homewood, 277 Ala. 444, 446,171 So.2d 453 (1965) (quoting 29 C.J.S. Elections § 246). Statutes providing for election contests are to be strictly construed.See, e.g., the cases cited above and Perloff v. Edington,293 Ala. 277, 302 So.2d 92 (1974).
The general law for election contests in this state is found at Code 1975, § 17-15-1, et seq. These provisions, however, only relate to elections of persons to office. Section 17-15-1;Wakefield v. Town of Carbon Hill, 215 Ala. 22, 108 So. 855
(1926); Leigh v. State, 69 Ala. 261 (1881); Clarke Daviney v.Jack, 60 Ala. 271 (1877). In Longshore v. City of Homewood,supra, this Court addressed a code section governing consolidation of municipalities by election of the voters of the municipality to be annexed. The section was silent as to election contests. The opinion distinguished similar code sections governing annexation of unincorporated territory, uniting contiguous municipalities, and excluding territory already included in a municipality, all by election of the affected voters. Each of these sections allowed contests of the election according to provisions in § 17-15-1, et seq. In the absence of any reference to contest of the election provided in the section at issue, this Court held that the probate court had no jurisdiction to hear a contest of the election.
As can be seen from the above discussion, the general laws of the state do not give appellants the right to contest the election and there are no provisions in Act 79, as amended, granting such a right. We must conclude, therefore, that the legislature has not granted the right to contest elections held under Act 79. We note that Act 79 does provide for a petition for an election to abolish the district, and this appears to be the remedy open to appellants. Regardless of the merits of appellants' allegations, we find that the probate court correctly denied their motion. Compare the following recent statement by this Court:
 "We cannot agree with plaintiffs that it is this Court's duty to oversee elections and to prescribe the duties and obligations of election officials. However abhorrent the conditions described are to us personally, nevertheless those are clearly legislative matters. It is this Court's duty to respect and preserve the separation of governmental powers, not to act unilaterally as self-appointed ombudsmen. Contests of elections are statutory creations, except insofar as we have noted, and the statutory requirements must be strictly complied with."
Turner v. Cooper, 347 So.2d 1339, 1346 (Ala. 1977).
The decision of the court below is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.