This is an appeal from an order issued in a declaratory judgment action which sought interpretations of Section 47, Constitution of 1901, and Code of Ala. 1975, § 17-16-86, and injunctive relief. We affirm.
The relevant portion of Section 47 mandates that: *Page 567 
 "Senators . . . shall have been citizens and residents of this state for three years and residents of their respective counties or districts for one year next before their election, if such county or district shall have been so long established; but if not, then of the county or district from which the same shall have been taken. . . ."
(Emphasis added.)
Section 17-16-86 deals with the results of election contests,viz.:
 "Upon the hearing of any contest, if the state or county executive committee finally determines who is the legal nominee for any office, it shall make a declaration of its judgment upon the question, but a failure or refusal by the committee in which the contest is brought to hear and determine the same as much as 40 days before the general election in November shall be treated as a dismissal or the rendition of judgment against the contestant . . .
but all certificates shall be made so as to get the nominee on the ballots for the general election in November." (Emphasis added.)
The plaintiff, Lucile White, was the winner of the September 7, 1982, Democratic primary election for the nomination as state senator for Senate District 17. However, acting on a contest of that election filed by Ida Mae Cowley, a subcommittee appointed by the State Democratic Executive Committee on September 30, 1982, declared that Lucile White did not meet the residency requirements of Section 47 because she had not been a resident of the state for the three-year period next preceding the date of the general election. White's primary election was set aside, and the position was declared vacant to be filled by the State Democratic Executive Committee on October 9, 1982. This subcommittee decision on the contest was rendered thirty-two days before the general election (November 2, 1982), not 40 days as § 17-16-86 prescribes.
Lucile White brought this declaratory judgment action challenging the action of the subcommittee. The Circuit Court of Jefferson County upheld the action of the subcommittee, holding that Section 47 of the state Constitution required a three-year state residency next preceding the general election, and White's admitted two years and six months' state residency prior to that election was insufficient under that section.[1]
The circuit court also held that the requirements of § 17-16-86 were directory, not jurisdictional, intended to allow election officials adequate time in which to have the names of candidates placed on the ballot for the general election. On this appeal the plaintiff takes issue with both of these conclusions.
The plaintiff points to the phrasing of Section 47 which refers to state residency and then to district residency. The latter residency, she asserts, contains the qualification of residency "next before their election," while the former does not. Accordingly, she insists, the Constitution framers did not place the same qualifications on both with the result that an aggregate residence of three years would suffice. Moreover, plaintiff argues that the language of Section 47 is ambiguous, and being so dictates the use of the "doctrine of last antecedent" in discovering its meaning:
 "By what is known as the doctrine of the `last antecedent,' relative and qualifying words, phrases, and clauses, are to be applied to the words or phrase immediately preceding, and are not to be construed as extending to or including others more remote; . . ."
citing 82 C.J.S. Statutes § 334 (1953).
We appreciate the application of this general rule of statutory construction; however, we also note from the cited section that the doctrine is only an aid to construction and "will not be adhered to where extension to a more remote antecedent is *Page 568 
clearly required by a consideration of the entire act. . . . Where several words are followed by a clause as much applicable to the first and other words as to the last, the clause should be read as applicable to all." Ibid. See also 2A Sutherland Statutory Construction § 47.33 (Sands 4th ed. 1973).
The search for the meaning of this entire act is aided by the decision of Butler v. Amos, 292 Ala. 260, 292 So.2d 645 (1974). That case held that a candidate for election to the state senate was required under Section 47 to have resided in his district for one year next preceding the election, Merrill, J., expressing the following reasoning:
 "`[T]he . . . object . . . intended . . .' was that a legislator must have lived at least one year in the same district with the people he sought to represent in the legislature so that they could know him and he could learn something of their needs."
We agree with the reasoning of the trial court that this same object is to be accomplished under the three-year residency requirement, i.e., so that the elected senator would possess, or would have had an opportunity to possess, knowledge of the needs of the people of the state at large which the three years' minimum continuing residency would avail the candidate, and which would not be accomplished by the use of "tacking" former years of residency as in this instance. This construction appears to us to accomplish the intent of the framers of Section 47.
With respect to § 17-16-86 the plaintiff maintains that compliance with its time requirements is jurisdictional, thus, she argues, when the Lucile White contest was heard and determined on September 30, 1982, which was less than forty days prior to the date of the general election, November 2, 1982, such non-compliance acted as a dismissal of the contest or a rendition of judgment against the contestant, Ida Mae Cowley.
This problem arises because of the legislative change of the date for holding primary elections from August (Code of Ala., §17-16-6 (Acts 1975, No. 1196, § 5)) to September (Code of Ala., § 17-16-6 (Acts 1978, No. 691, p. 994, § 16)) and the necessity of applying that change to the unchanged time provisions of § 17-16-85 (state executive committee or subcommittee required to meet not less than ten nor more than twenty days from filing of election contest) and § 17-16-86, supra. The plaintiff cites us to cases which, it is argued, require a strict application of the time limitations of these statutes even though such an application in this particular matter would lead to an anomaly.
This contest was heard and decided on September 30, 1982. Had the latest legislative change not occurred, it is possible that the hearing and decision would have occurred on August 30. That date would have been more than forty days before the November 2 general election. As it was under the amended § 17-16-85, however, September 30 was less than forty days before the date for the general election. Put another way, by complying with the time requirements of §§ 17-16-6 as amended and 17-16-85, the state executive committee might not be able to comply with the time provisions of § 17-16-86.
In Perloff v. Edington, 293 Ala. 277, 302 So.2d 92 (1974), this Court adhered to the position that election contests are statutory, and that time provisions contained within them are jurisdictional:
 "In effect, the Legislature has said that political parties can run their party affairs without interruption by the courts, but those affairs must be run within the rules laid down by the Legislature." Supra, 293 Ala. at 279, 302 So.2d 92. (Emphasis added.)
In that case the subcommittee hearing the contest did not meet within the prescribed time. Edington, however, and those cases it follows, regretfully do not furnish solace when the very rules laid down by the legislature at one and the same time provide for contests and confuse the machinery within which they are to be obtained.
In resolving this confusion the trial court adopted the reasoning of Jefferson County Circuit Court Judge Jack D. Carl expressed *Page 569 
in his order in the case of Jackson v. The Democratic Party ofAlabama, CV 82 504-138 JDC (September 22, 1982):
 "It is clear from a reading of Act No. 79-800 [§ 17-16-6 which changed the primary to September] and the other provisions of the Code pertaining to primary elections that the Legislature intended to provide a means for the contest of primary elections. The Court is aware that in order to justify a departure from the language of the statutes, there must be a moral conviction that its practical effect under existing law, the spirit of the whole statute and its legislative history, as well as the purpose to be accomplished, duly disclose the Legislature could not have intended such a result under a rational, sensible construction. . . ."
Indeed, § 17-16-86 contains a significant clue to the overall intent of the legislature which serves as a guide in instances like the present, for the concluding sentence reads:
 "[A]ll certificates shall be made so as to get the nominee on the ballots for the general election in November." (Emphasis added.)
Thus, while the statutory time limitations serve as strict guidelines for the conduct of party officials in election contests as a general rule, nevertheless in instances like the present, when their conflicting observance would thwart the basic and underlying purpose of the pertinent statutes, which is to get the candidates certified and have their names placed on the November ballots, it is apparent that the legislature intended that the time limitations be directory only. The trial court's position, therefore, was correct. It follows that the action of the trial court in denying the injunctive relief sought and in dismissing the complaint must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
JONES, J., recused.
MADDOX, J., not sitting.
[1] Plaintiff White was born in Jefferson County on January 13, 1945, and resided there until May 1969 when she moved to another state. She returned to Alabama in May 1980, resuming residence in Senate District 17. Her position is that her two and one-half years of residency next preceding the general election, coupled with her more than twenty years of residency before 1969, met the residency requirements of Section 47.