WOODALL, Justice
(dissenting).
“This Court has been unequivocal in stating that elections normally do not fall within the scope of judicial review.” Sears v. Carson, 551 So.2d 1054, 1056 (Ala.1989). “An election contest is a statutory matter, and the statute governing the election must be strictly observed and construed.” Long v. Bryant, 992 So.2d 673, 680 (Ala.2008). “ ‘An election contest being purely statutory, the courts are limited in their investigation to such subjects as are specified in the statutes.’” Longshore v. City of Homewood, 277 Ala. 444, 446, 171 So.2d 453, 455 (1965)(quoting 29 C.J.S. Elections § 247). In my opinion, the Court has ignored these well established principles; consequently, I respectfully dissent.
The Court holds that Mountainboro, the municipality that conducted the annexation election, has the legal right to challenge the legality of certain votes cast in the election. However, this holding is not supported by the applicable statutes. Having considered the unambiguous language in both § 11-42-2(8), Aa.Code 1975, and § ll-46-69(a)(3), Aa.Code 1975, it is clear to me that only a “qualified elector” has standing to challenge the legality of votes cast in an annexation election. Any other conclusion violates the principle that “the statute[s] governing the election must be strictly observed and construed.”
I disagree with the Court’s conclusion that the analysis in Eubanks v. Hale, 752 So.2d 1113 (Ala.1999), is instructive in this case. In its judgment, the trial court stated:
“Hale held that once a contest is filed, it is not necessary for the contestees to file an independent ‘cross-contest’ in order to challenge votes themselves. In Hale, however, the contestant and the respondent/contestee were both ‘qualified electors.’ So, Hale is not instructive on the key issue of [Mountainboro’s] standing in the case at bar.”
The trial court correctly distinguished Hale, and that case does not support today’s holding.
For the foregoing reasons, I would affirm the judgment of the trial court in Mountainboro’s appeal. The Griffins in their cross-appeal, of course, have argued that the judgment is due to be affirmed. Consequently, I would dismiss their cross-appeal as moot.
STUART and BOLIN, JJ., concur.