292 So.2d 645

**Tom BUTLER**

**v.**

**Mable AMOS, as Secretary of State, etc.**

**SC 776.**

Supreme Court of Alabama.

April 8, 1974.

Dieter J. Schrader, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Henry H. Caddell, Asst. Atty. Gen., for appellee.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding in equity filed by the plaintiff-appellant. The single question presented on this appeal is, by agreement of the parties made a part of the record, "limited to the legal issue as to whether or not the one year durational residence requirement within Alabama House District 17 as reapportioned and reconstituted by the United States District Court for the Middle District of Alabama is applicable to plaintiff's 1974 candidacy to the Alabama Legislature from House District 17."

The trial court's opinion stated that "Plaintiff has testified that from the middle of 1971 until January 1, 1974 that he

lived in an apartment located in House District *18*. From this admitted fact it is clear that plaintiff could not have established legal residency in House District 17 prior to January 1, 1974."

The Constitution of Alabama of 1901, Section 47, provides:

"Senators shall be at least twenty-five years of age, and Representatives twenty-one years of age at the time of their election. They shall have been citizens and residents of this state for three years and residents of their respective counties or districts for one year next before their election, if such county or district shall have been so long established; but if not, then of the county or district from which the same shall have been taken; and they shall reside in their respective counties or districts during their terms of office."

The trial court's decree in pertinent part reads:

"1. The one year durational residency requirement set out in Article 4, Section 47, Alabama Constitution (1901) is applicable to the 1974 legislative elections.

"2. Plaintiff cannot be considered a domiciliary of House District 17 for a period of one year before the general election of November 5, 1974."

Districts 17 and 18, along with all the other legislative districts in this state, were created pursuant to an order of the USDC, Middle District of Alabama, on January 3, 1972 in Sims v. Amos, 336 F.Supp. 924, and the order in that case was affirmed by the U.S. Supreme Court on October 24, 1972, 409 U.S. 942, 93 S.Ct. 290, 34 L.Ed. 2d 215. Since those districts had been established more than two years prior to the general election in 1974, the exception in Section 47 as to newly established districts is not applicable.

We have not been cited to, nor are we cognizant of any case which has invalidated Section 47 of the Constitution.

Section 142 of the Constitution requires that circuit judges reside in the circuit for which they are elected "for one year next preceding his election." In Hadnott v. Amos, 320 F.Supp. 107 (1970), the USDC for the Middle District of Alabama held, in an opinion by Godbold, C. J., that "the State of Alabama has a compelling state interest in imposing a substantial pre-election residence requirement for circuit judges" and upheld the residence requirement of one year in Section 142 of the Constitution. It is interesting to note that the opinion also mentioned the residency requirement before us when it stated:

"Either directly or indirectly Alabama has, in the past, maintained pre-election residence requirements for all state officers. * * *

"In addition, specific pre-election residence requirements are provided for many Alabama state offices: Governor and Lieutenant Governor, ten years in the United States, seven years in the state (Alabama Constitution, Art. 5, § 117); Attorney General, Auditor, Secretary of State, Treasurer, Superintendent of Education, Commissioner of Agriculture and Industries, seven years in the United States, five years in the state (Alabama Constitution, Art. 5, § 132); members of the legislature, three years in the state, one year in the county (Alabama Constitution, Art. 4, § 47); and probate judges, one year in the county (Alabama Code, Tit. 13, § 273)."

Plaintiff-appellant cites only two cases to support the reversal of the decree of the trial court. The first is Dunn v. Blumstein, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed. 2d 274. That case is not apt authority because that decision invalidated durational residency requirements applied to voters. Here, we are concerned with residential requirements for candidates. In Hadnott v. Amos, 320 F.Supp. 107, the court said: "Residence requirements to be a candidate need not be the same as to be a voter."

**262**

The other cited case is Alexander v. State, 274 Ala. 441, 150 So.2d 204, for the proposition that "In construing the Constitution, the leading purpose would be to ascertain and effectuate the intent and object originally intended to be accomplished."

We agree with the quoted proposition of law, but we think it supports the holding of the trial court.

Alabama became a state in 1819, and every Constitution this state has had—1819, 1861, 1865, 1868, 1875 and 1901—has contained a pre-election residential requirement of one year for legislators except the "carpet-bag" Constitution of 1868, and even that one required state senators to have resided in their district for one year.

It is clear from this history that "the intent and object originally intended to be accomplished" was that a legislator must have lived at least one year in the same district with the people he sought to represent in the legislature so that they could know him and he could learn something of their needs.

The decree of the trial court is not shown to contain reversible error.

Affirmed.

HEFLIN, C. J., MADDOX and FAULKNER, JJ., and LAWSON, Special Justice, concur.