We are called upon to construe the meaning of a constitutional provision which requires that a candidate for the legislature reside for one year prior to the election in the district he seeks to represent, which also contains a special provision applicable when the district has not been established for one year before the election, to-wit: "but if not, then of the county or district from which the same shall have been taken." It is my view that the Party's subcommittee has reached the correct result in the case of these particular candidates, but nevertheless misconstrued the "but if not" clause of § 47. Likewise, I think this Court has reached the correct result in this particular case, but the Court should go further and construe the "but if not" clause so that its meaning is made certain and clear in the future.
This clause first appeared in the Alabama Constitution of 1875, where it was part of Art. IV, § 4. That section was brought forward almost verbatim into the Constitution of 1901, as § 47. While it is true that in 1875 and in 1901, the members of the constitutional convention probably could not have foreseen a situation where legislative districts would be drawn on any basis other than county lines, it does not necessarily follow that our present apportionment system, based entirely on population, has made the "but if not" clause meaningless.
The purpose and meaning of the "but if not" clause are not at all difficult to understand, nor is it difficult to perceive that it could have application in the context of today's apportionment scheme.
Section 47 requires that a candidate reside in a district for one year before he can be elected to represent that district. There is a good reason for this:
 "It is clear from . . . history that `the intent and object originally intended to be accomplished' was that a legislator must have lived at least one year in the *Page 251 
same district with the people he sought to represent in the legislature so that they could know him and he could learn something of their needs."
Butler v. Amos, 292 Ala. 260, 262, 292 So.2d 645, 646 (1974).
This purpose is fulfilled perfectly by a literal reading of the "but if not" clause. Read literally, the "but if not" clause can apply only in a case where a new county or a new district is created entirely out of an old county or an old district. Only in that limited situation will there be a "county or district from which the same [i.e., the new county or district] shall have been taken." (Emphasis added.) It does not apply to a situation where a new county or district is created out of several old counties or districts — and for good reason. It is important to note that the clause contemplates only one old county or district: "but if not, then of the county or district from which the same shall have been taken" — not "a county or district" or "any county or district," but "the county or district."
There is valid reason for this saving clause. The framers foresaw the situation where a person has lived in a district more than a year and has become known by the others in his district and has come to know them, so that the purpose of the residency requirement, as set out in Butler, is met, but who finds that, less than a year before the next election, his district has been subdivided so that some of the people in his old district are cut off and put in a district by themselves, and the new district line is between him and them. That situation would look like this: